## Case No. 8,893.

### McLEAN v. ST. PAUL & C. RY. CO.

[17 Blatchf. 363; 26 Int. Rev. Rec. 43; 21 Alb. Law J. 47; 14 Am. Law Rev. 163.] [1]

Circuit Court, S. D. New York.   Dec. 22, 1879. [2]

REMOVAL OF CAUSES — SECOND PETITION — SAME TERM OF COURT — EDITION OF UNITED STATES STATUTES—BOND ON REMOVAL—WAIVER BY NEGLECT—EXCUSE.

1. On March 17th, the state court in which this suit was pending made an order, on the petition of the defendant, that it be removed into this court. The defendant ought to have filed the record in this court by April 7th. It was not filed till April 10th. This court, on May 24th, made an order remanding the cause. June 2d, on a new petition filed that day by the defendant, which set forth that the suit was then pending in the state court, that court made an order that the suit be removed into this court: Held, that, as the removal was provided for by sections 2 and 3 of the act of March 3, 1875 (18 Stat. 470, 471), the petition was in time if filed before or at the term at which the cause "could be first tried, and before the trial thereof."

[Cited in Davies v. Marine Nat. Bank, 24 Fed. 195.]

[Cited in Continental Life Ins. Co. v. Kessler, 84 Ind. 313.]

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission. 14 Am. Law Rev. 163, gives only a partial report.]

[2] [Affirmed in 108 U. S. 212, 2 Sup. Ct. 498.]

2. The publication of the second edition of the Revised Statutes, under the act of March 2, 1877 (19 Stat. 268), did not re-instate subdivision 1 of section 639 of the Revised Statutes, as applicable to this suit. The proper condition of the bond on removal was that prescribed by section 3 of the act of 1875.

[Cited in Norris v. Mineral Point Tunnel, 7 Fed. 273; Shelbrick v. Cockcroft, 27 Fed. 579.]

3. The petition of June 2d was filed before or at the term at which the cause could be first tried.

[Cited in Johnson v. Johnson, 13 Fed. 194.]

4. As the defendant had once removed the cause to this court and had failed, by neglect, to perfect the removal, and the cause had been remanded for that reason, the right to remove it had been waived and lost.[2]

[Cited in Rowell v. Hill, 28 Fed. 434.]

5. The defendant could not now be allowed to furnish an excuse for not having in time filed the record on the first removal, and it had acquiesced in the first remand by averring, in the second petition, that the cause was then pending in the state court.[2]

[Cited in Woolridge v. McKenna. 8 Fed. 667.]

[This was a suit by Samuel McLean against the St. Paul & Chicago Railway Company.]

D. M. Porter, for plaintiff.

C. W. Bangs, for defendant.

BLATCHFORD, Circuit Judge. A petition by the defendant and a bond for the removal of this suit into this court were filed in the state court in which the suit was pending, on the 17th of March, 1879, and on that day the state court made an order that the petition and bond be accepted and filed, "and that this court will proceed no further in this suit, and it is hereby declared that the said suit is removed to the said circuit court of the United States for the Southern district of New York." The defendant ought to have filed a copy of the record in this court by the 7th of April, but did not until the 10th of April. For that cause, this court made an order, on the 24th of May, on motion of the plaintiff, remanding the cause to the state court. [Case No. 8,892.] On the 2d of June, 1879, the defendant filed in the state court a petition and bond for the removal of the cause into this court, and the state court made an order, on that day, that said petition and bond be accepted, and "that this court will proceed no further in this suit, the said suit being removed to the said circuit court of the United States for the Southern district of New York." A copy of the record in the suit having been filed in this court in due time by the defendant, and the defendant having appeared in the suit in this court, the plaintiff now moves, on various grounds, to remand the cause to the state court.

It is contended that, under subdivision 1 of section 639 of the Revised Statutes of the United States, the petition for removal in this case should have been filed in the state court at the time the appearance of the defendant was entered in the state court. This

is on the idea that such subdivision was in force, as respects this suit. But, as the removal of this case is provided for by sections 2 and 3 of the act of March 3, 1875 (18 Stat. 470, 471), those sections supersede, and take the place of, in regard to this suit, such subdivision. Under the act of 1875, the petition was in time if filed before or at the term at which the cause "could be first tried, and before the trial thereof." It is suggested, for the plaintiff, that the second edition of the Revised Statutes, printed and promulgated in 1878, is a re-enactment of the Revised Statutes in 1878, and that subdivision 1 of section 639, found in it, displaces the act of 1875. This is an error. The Revised Statutes were enacted June 22, 1874. The new or second edition authorized by the act of March 2, 1877 (19 Stat. 268), is the Revised Statutes, as enacted June 22, 1874, with all amendments made between December 1, 1873, and March 4, 1877. By section 5601 of the Revised Statutes, all acts passed after December 1, 1873, are left in force as if passed after June 22, 1874. The publication of the second edition of the Revised Statutes does not affect any statute passed subsequently to December 1, 1873. It does not affect the act of March 3, 1875, nor re-instate subdivision 1 of section 639, as applicable to this suit.

It is urged, that the bond in this case is not the proper bond, because its condition was not that provided for by section 639, Rev. St., but that provided for by section 3 of the act of 1875. As the suit is one mentioned in section 2 of that act, the proper condition of the bond was that prescribed by section 3 of that act.

It is further urged, that the petition filed June 2d, 1879, was not filed before or at the term at which the cause "could be first tried" in the state court, although filed before the trial of the cause in that court. Issue was joined in the suit, by the answer of the defendant in the state court, February 27, 1879. The order of removal made by the state court March 17, 1879, states that the petition for removal that day filed is filed "before the term at which this cause could be first tried in this court." This is an adjudication of that fact by the state court. Even if such an adjudication would be reviewed by this court, it is apparent, that the cause could not have been tried before the March term, 1879, of the state court, and at that term the petition was filed. It is plain, from sections 977, 980, of the Code of New York, that the cause could not have been noticed for trial, or put on the calendar of the state court, for the March term, or regularly brought to trial at that term, except by consent. The term at which the cause "could be first tried" is the term at which, under the legislation of the state and the rules of practice pursuant thereto, the cause is first triable, that is, subject to be tried on its merits. Dill. Rem. Causes (2d Ed.) p. 57; Ames v. Colorado Cent. R. Co. [Case No. 325]; Fulton v. Golden [Id. 5,155].

---

[2] [Affirmed in 108 U. S. 212, 2 Sup. Ct. 498.]

On the 17th of March, 1879, the state court declared, by the order of that date, that it would proceed no further in the suit and that the suit was removed to this court. This was equivalent to saying it would not try the cause. This state of things continued until this court, by its order of May 24th, remanded the cause to the state court. Then, under the state legislature and practice, the term at which the cause could be first tried was the June term, and at or before that term the new petition for removal was filed. So far, therefore, as the question of time is concerned, the new petition was filed in time, under the act of 1875.

It is further urged that, the defendant having once removed the cause to this court, and having failed to perfect the removal by neglect to file the record in time in this court, and the cause having been remanded to the state court for that reason, the right to remove the cause has been lost, because the delay is prejudicial to the plaintiff; and that, if the right to remove is to be allowed in this case, under such circumstances, the same course might be repeated ad infinitum. That a defendant may waive his right to remove a cause is plain. Hanover Nat. Bank v. Smith [Case No. 6,035]. He ought to be held to have waived it where he has attempted to exercise it once, and has failed, by neglect, to perfect the removal, and where, to allow the subsequent removal, would make effective the delay of the cause, to the presumed prejudice of the plaintiff, for the time elapsed after the failure to perfect the removal occurred. That is the present case.

The defendant calls attention to the recent decision of the supreme court in Meyer v. Construction Co., 100 U. S. 457, and claims that, under that decision, this cause ought not to have been remanded before, and, therefore, ought to be retained here now. The supreme court, in that case, says, that it does not appear, by the statute, that the circuit court is to be deprived of its jurisdiction, if "by accident" the party is delayed until a later day than the first day of the term of the circuit court, in filing a copy of the record of the state court; and that, if the circuit court, for good cause shown, accepts the transfer after the day and during the term, its jurisdiction will, as a general rule, be complete and the removal properly effected. The affidavit of the defendant's attorney, furnished to the court on the first motion to remand, purporting to give an excuse in this case for not filing the copy of the record, on the first removal, on the first day of the April term, and to make out a case of "accident," contained the following on that subject and nothing more: "And deponent says, that, by inadvertence, during his, deponent's, absence from his office on the 7th April, instant, the record, in said cause, of the said proceeding. in the court of common pleas of the city and county of New York, in the said action, and a copy of the pleadings therein, was not filed in the court on that day, and that deponent did not discover that the same had not been filed until the 10th instant." This affidavit does not make out a case of accident. Facts are not stated from which the court can see that there was an inadvertence or an accident. The conclusion of inadvertence is sworn to. The certified copy of the petition for removal, bond, and order of removal, filed in this court on the 10th of April, was certified by the clerk of the state court on the 18th of March. No reason is shown why it was not filed here before the 7th of April, as it might have been. This court did not accept the transfer, but remanded the cause. It did so on what then appeared, and still appears, to be a proper ground. This court could not now vacate the order of May 24th, remanding the cause, on the furnishing now, by the defendant, of an affidavit showing what would have been held to be a satisfactory excuse for not having filed the first record in time, or a case of "accident." The defendant had his day in court, at that time, and the matter became res adjudicata, not to be re-opened because of any facts then existing and which might have been then shown. Moreover, the defendant has acquiesced in the former remand, and waived all right to claim that the cause is in this court under the first removal, by averring, in its second petition for removal, that the suit "is now," May 28th, 1879 (that being the day the petition was sworn to by the president of the defendant corporation), "pending in the court of common pleas for the city and county of New York," and praying for its removal from that court to this court.

The motion to remand the cause to the state court is granted, with costs.

[This order, together with that of May 24, 1879 (Case No. 8,892), was affirmed by the supreme court, on writ of error. 108 U. S. 212, 2 Sup. Ct. 498.]