## KIDDER *v.* FEATTEAU.

*(Circuit Court, D. Nebraska.* May, 1880.)

REMOVAL OF CAUSE—DELAY IN FILING RECORD—REMANDING.—The only
necessary consequence of failure to file the record of a case removed
from a state court, under the act of March 3, 1875, by the first day of
the next term after the application for removal, or within 20 days after
such application, is to create a liability on the bond.   Unnecessary delay,
amounting to laches, in filing such record, prejudicing the other party,
may be ground for remanding the case; but the party is not entitled for
such cause, as matter of right, to have it remanded.   Delay in filing
record in this cause *held* not sufficient ground for remanding cause to
state court.

*Brown & Campbell,* for plaintiff.

*C. A. Baldwin,* for defendant.

McCRARY, C. J.   This is a motion to remand the case to the
state court, from whence it was removed, on the ground that
the transcript was not filed in this court by the first day of
the next session after the application for the removal, nor
within 20 days from the time of such application.

The third section of the act of March 3, 1875, (18 St. 470,)
provides that the party filing a petition in a state court for
the removal of a cause to the circuit court of the United
States, "shall make and file therewith a bond, with good and
sufficient surety, for his or their entering in such circuit
court, on the first day of the then next session, a copy of the
record in such suit, and for paying all costs that may be
awarded in said circuit court, if said court shall hold that
such suit was wrongfully or improperly removed thereto,"
etc.   The seventh section of the same act provides "that,
in all causes removable under this act, if the term of the cir-
cuit court to which the same is removable, then next to be
holden, shall commence within 20 days after the filing of
the petition and bond in the state court for its removal, then
he, or they, who apply to remove the same, shall have 20
days from such application to file said copy of record in said
circuit court, and enter appearance therein; and, if done
within said 20 days, such filing and appearance shall be
taken to satisfy the said bond in the behalf."

It is admitted that the copy of the record in this case was not filed within the time specified in these provisions of the statute, and in the bond executed in pursuance thereof. It seems, however, to be well settled that the only *necessary* consequence of this delay is a liability of the obligors on the bond. If there is such unnecessary delay in filing the transcript as amounts to unexcused laches, whereby the other party is prejudiced, the federal court may, for this reason, remand the case. The defendant, in this case, cannot demand, as a matter of right, that the case be remanded. It is for the court to say whether, under all the circumstances, there has been inexcusable laches. Dillon on Removal of Causes, 74, note 125.

In this case it appear that the petition for removal and the bond were filed in the state court on the eighteenth day of December, 1879, and that the transcript was filed here on the thirty-first of January, 1880. The intervening time was, therefore, 43 days.

It does not appear, however, that the defendant has been prejudiced by the delay. The suit is brought to enforce the collection of certain promissory notes of the defendant, and to foreclose a mortgage given by him to secure the same. In the absence of any showing to the contrary, I must presume that the defendant in such a case is not damaged by a postponement of the day of trial, and while a long neglect to bring the record into this court, if unexplained, would not be excused, I do not see in the facts of this case any sufficient reason to remand the cause, and this motion is accordingly overruled.