NORRIS v. MINERAL POINT TUNNEL and others.

(*Circuit Court, S. D. New York.* April 23, 1881.)

1. REMOVAL—MISTAKE IN PETITION.

A case is removable, under the act of 1875, when the petition sets forth the necessary facts, although the removal is erroneously prayed for under section 639 of the Revised Statutes.

2. SAME—ACT OF 1875.

The act of 1875 is not repealed by the marginal reference to the same in section 639 of the second edition of the Revised Statutes.— [ED.

Motion to Remand.

*E. R. Mead,* for plaintiff.

*J. F. Harrison,* for defendants.

BLATCHFORD, C. J.   The only objection to the jurisdiction of this court herein is that the petition for removal made by the plaintiff states that he desires to remove the suit into this court in pursuance of section 639, subd. 3, of the Revised Statutes of the United States, and that he did not file in the state court an affidavit as to prejudice or local influence, as required by that subdivision.   The prayer of the petition is that the suit may be removed "pursuant to the aforesaid act."   The petition states facts which make out a case for removal under the first clause of section 2 of the act of March 3, 1875, (18 St. at Large, 470.)   The plaintiff was, at the time the suit was brought, a citizen of Pennsylvania, and the defendants were then—some of them—citizens of New York, and the rest citizens of Massachusetts. The mistake in the petition, by referring to the wrong statute, is unimportant, when the facts set forth in it make a case for removal under the act of 1875.*

The defendants contend that there is no existing statute, but section 639 of the Revised Statutes, under which a removal of a suit can take place; that in the second edition of the Revised Statutes, published in 1878, under authority of the act of March 2, 1877, (19 St. at Large, 268,) there is in the margin, opposite section 639, a reference to the act of

*See upon this point *Ruckman* v. *Ruckman,* 1 FED. REP. 587.

March 3, 1875; that the effect of this is to repeal the act of 1875, and that section 639 is left thus to be the only existing law. This point was overruled by this court in *McLean* v. *St. Paul, etc., Ry. Co.* 17 Blatchf. 363. The reference in the margin is made under the provision of the act of 1877, that the commissioner shall make marginal reference to statutes passed by congress since December 1, 1873, which may, in his opinion, in any manner affect or modify any of the provisions of the Revised Statutes, but which are not expressly therein declared to be amendments of the Revised Statutes; hence the marginal reference. It has been held that subdivision 1 of section 639 is superseded by the act of 1875.

The motion to remand the cause is denied. The petition for removal was filed, and the bond was filed and approved, March 17th. The answer served after that was served after the state court had lost its jurisdiction. The defendants may have 20 days to file and serve their answer.