## ROWELL v. HILL.

*(Circuit Court, D. Vermont. September 1, 1886.)*

REMOVAL OF CAUSE—PRACTICE—EXTENDING TIME FOR FILING RECORD.

Where an action is brought in the state court, and, on motion removed to the United States circuit court, but, by misunderstanding between the clerk and defendant's attorney, the record is not filed at the first term of this court, as required by law, it is within the power of the circuit court, upon the imposition of terms accepted by the plaintiff, to permit the defendant to file the record at a subsequent term.

Motion to Remand.

*Roswell Farnham*, for plaintiff.

*Ashton R. Willard*, for defendant.

WHEELER, J. This cause was commenced in the Orange county court of the state. A petition and bond for its removal to this court were filed therein at the December term, 1884, of that court. The bond was approved by that court, and the cause was ordered to be removed by that court to this court. By misunderstanding between the attorney for the defendant and the clerk of that court the copies were not transmitted to this court. The first term of this court at which they could be entered was the February term, 1885. Both parties supposed that they had been entered at that term, until about the time of the May term, 1885, when they learned that the clerk had not sent the copies to the clerk of this court, as the defendant's attorney had expected. The defendant then applied to that court, at its June term, to have the entry of removal of the cause to this court erased, and the cause brought forward, so that a new petition for removal might be made. The plaintiff resisted that application, and it was denied on the ground that the cause was not pending in that court. The defendant then applied to the next term, which was the October term, 1885, of this court, for leave to enter the copies in this court. That motion was resisted by the plaintiff, on account of the laches of the defendant in not entering the copies at the first term of this court. The motion was granted on payment of terms to the plaintiff to cover the expenses of the delay, which have been complied with. The plaintiff now moves that the case be remanded on the ground of the laches, and of the application to the county court to erase the entry of removal, as waivers of the right of removal to this court; and this motion has now been heard.

If the plaintiff had moved to remand the cause before or at the time when the defendant moved for leave to enter the copies, perhaps the most proper disposition of the cause would have been to remand it. *Bright* v. *Milwaukee R. Co.*, 14 Blatchf. 214. But the plaintiff did not move in that direction, and resisted the motion of the defendant on the ground that the cause was out of court, and not pending

in either court.   That the suit is not absolutely lost by the failure to file the record in the circuit court on the first day of the next term, according to the condition of the bond required, or at any time during that term, appears from *Railroad Co.* v. *Koontz*, 104 U. S. 5.   It was within the power of the court, apparently, to grant, in its discretion, leave to enter the copies at that time.   When that was done, the case would seem to be properly pending in this court.   The effect of the laches was cured by the payment and receipt of the terms imposed.   It would be manifestly unjust to grant the defendant's motion on terms that he pay the plaintiff the expenses consequent upon his laches, and then remand cause on account of the same.

In *McLean* v. *Railway Co.*, 17 Blatchf. 363, it was held that a party could not remove a cause a second time on grounds on which it had been before removed and remanded; and that the party admitted the cause to be pending in the state court by so describing it in the second petition.   This cause has not been remanded to the state court, and the plaintiff successfully insisted to that court that the cause was not there.   He can hardly expect to prevail here on the ground that the cause was there.   The defendant had the right to insist that the cause was somewhere, and he would not lose the right to insist that it was here by unsuccessfully insisting that it was there. The defendant got standing in this court, which he does not appear to have waived or lost.

The greater inconvenience to the plaintiff of a trial in this court has been urged as a ground for denying the defendant any exercise of discretion in favor of retaining the case.   But the case is not retained on that ground.   That was exercised before.   This motion is determined upon what are deemed to be the legal rights of the parties, and, in determining those, the inconvenience to one of what the law gives by the other cannot properly be considered.   Motion denied.