## EISENMANN v. DELEMAR'S NEVADA GOLD–MIN. CO.

### (Circuit Court, D. Nevada. April 23, 1898.)

### No. 657.

1. REMOVAL OF CAUSES—DELAY IN FILING RECORD.

Where a cause is removed from a state to a federal court, the mere fact that the record is not filed in the federal court until after the first day of the next term does not furnish sufficient ground for remanding the cause, it not appearing that the delay was for the purpose of delaying the trial or causing some other injury to the opposing party, and no inexcusable neglect of duty on the part of counsel being shown. The court, however, may, in its discretion, impose such conditions as may seem just and proper under the circumstances.

2. SAME—JURISDICTION OF FEDERAL COURT.

Where a cause is removable under the statute, upon the filing of a petition and bond for removal, the jurisdiction of the federal court attaches at once, in advance of the filing of a copy of the record, and no order of the state court for removal is necessary.

Benjamin Sanders and Torreyson & Summerfield, for plaintiff.
Henry Rives and J. R. Judge, for defendant.

HAWLEY, District Judge (orally). On the 16th day of December, 1897, the defendant filed its petition in the state district court of Lincoln county, Nev., for the removal of this cause to the United States circuit court for this district, upon the ground of diverse citizenship. The plaintiff is a resident and citizen of Nevada. The defendant is a corporation organized under and by virtue of the laws of New Jersey. Accompanying this petition, the defendant filed a bond for the filing of the record in the circuit court on the first day of the next term thereof, which was March 21, 1898. The record was not filed in this court until March 28th,—seven days after the commencement of the term. Plaintiff moves to remand the cause, on the ground that the record thereof was not filed in this court on the first day of the March term. Undoubtedly, there may be cases where the circumstances attending the delay of filing the record would justify the court, in the exercise of its discretion, in remanding the case; as, for instance, where it clearly appears that the failure to file the record on the first day of the term was for the express purpose of procuring a delay in the trial of the case, or causing some other injury or damage to the adverse party. And it may be that inattention, ignorance, or other inexcusable neglect of duty upon the part of counsel might be shown to be of such a character as to warrant such action to be taken. But the mere fact that the record in the present case was not filed in this court on the first day of the March term does not furnish sufficient ground for remanding the cause.

Under the law, this court is not deprived of its jurisdiction by the mere failure of the removing party to have the record here on the first day of the term. The provision in the act requiring the record to be filed in this court at that time is intended to aid the United States courts in regulating the practice in removal cases so as to prevent any injustice or unnecessary delay; and, if not strictly

complied with, the court may impose such terms as may be deemed just and proper in the premises. No advantage can ever be gained by a failure to comply with the law in this respect.

The rules of this court which regulate the proceedings to be taken in removal cases from the state courts provide that:

"Whenever the papers in a case removed from a state court have not been filed in this court, at the day appointed by law, the party then, after filing the papers, shall give notice thereof to the adverse party, and such adverse party shall, after such notice, have the time allowed in this rule to enter his appearance in this court and plead, or amend his pleading." Rule 78.

See, also, Rule 79.

The object and purpose of these rules is to carry out the express terms of the statute for the advancement of justice and the prevention of delays in proceedings. Chiatovich v. Hanchett, 78 Fed. 193, 194.

Were it not for certain matters set forth in an affidavit filed by Henry Rives, attorney for defendant, with the apparent intention of excusing himself from any negligence for not having the record in this court on the first day of the term, the plaintiff would have no ground whatever upon which to support his motion. The attempted excuses are based upon an erroneous idea as to the requirements of the law. Affiant seems to think that the case is not properly before this court, because no order was made by the district court of Lincoln county approving and accepting the petition and bond, nor any order obtained from said court requiring the clerk thereof to forward to this court a copy of said record. The affidavit upon this point states, among other things:

"That on account of there having been no session of said district court, nor any judge thereof, in said Lincoln county, since said petition and bond were filed therein, this defendant has not been able to present either said petition or bond to said district court, or to any judge thereof, for the purpose of having said petition and bond accepted as provided by law; that he caused a certified copy of the record of said cause to be filed in this court on or about the 28th day of March, 1898, only from an abundance of caution, and not because he believes this, the circuit court of the United States, acquires thereby any jurisdiction thereof, owing to the fact that the defendant has never had an opportunity to and has never presented said petition or bond to said court for acceptance or for its approval of the sureties on said bond, or to have it make the requisite order that the clerk of said court forward to this court a copy of said record: that said record which was filed in this court on the day last above mentioned is not a complete or sufficient record, because it does not show that said district court ever accepted said petition or bond, or ever ordered said record certified to this court."

The law is now well settled (although a few stray cases may be found to the contrary) that, when a sufficient cause for removal is made in the state court, its jurisdiction ends, and no order of the state court for removal is necessary. In other words, upon the filing of the petition for removal, accompanied by a proper bond,— the suit being removable under the statute,—the jurisdiction of the federal court immediately attaches in advance of the filing of the copy of the record; and whether that court should retain jurisdiction is for it, and not for the state court, to determine.

In this case there were no objections made either to the sufficiency of the petition, or of the bond, or to the sureties on the bond.

If the case rested solely upon the facts, which are above quoted from the affidavit of counsel, this court would be called upon to determine whether such facts offered any excuse. As a general rule, ignorance of the law does not furnish any excuse for not complying with its provisions; but it is unnecessary to pass upon that question. It is sufficient to say that the affidavit does state other facts which reasonably account for the delay in the present case, viz.: That, on the day the petition and bond were filed in the state court, the clerk of the district court "was directed to at once make a certified copy of the record in said cause, and was told to hold the same in readiness, so that he could at once forward the same to this court whenever so directed; that on the 10th day of March, 1898, affiant telegraphed to said clerk to forward said certified copy of said record to T. J. Edwards, the clerk of this court at Carson City, Nevada." It is the duty of this court to guard with jealous care against any abuse of the privilege of removing causes from the state court for the mere purpose of securing a delay in the trial of the case. But it does not affirmatively appear that the failure to present the record in this court on the first day of the March term was from any desire, intent, or purpose on the part of defendant to hinder or delay the trial, or any other proceedings, in this case. The application for removal was based upon statutory grounds, and appears to have been made in good faith. And, inasmuch as the delay has not caused any injury or damage to the plaintiff,—the question being within the discretion of the court,—I am of opinion that it ought not to be held, under all the circumstances of this case, that the delay was so unreasonable or inexcusable, under the principles announced in the decided cases upon this subject, as to justify remanding the cause.

The following authorities support the views herein expressed: Removal Cases, 100 U. S. 457, 472; Railroad Co. v. Mississippi, 102 U. S. 135; Kern v. Huidekoper, 103 U. S. 485, 491; Railroad Co. v. Koontz, 104 U. S. 5, 14; Steamship Co. v. Tugman, 106 U. S. 118, 1 Sup. Ct. 58; Railway Co. v. McLean, 108 U. S. 212, 216, 2 Sup. Ct. 498; Kidder v. Featteau, 2 Fed. 616; Woolridge v. McKenna, 8 Fed. 650, 666; Hall v. Brooks, 14 Fed. 113; Rowell v. Hill, 28 Fed. 433; Wilson v. Telegraph Co., 34 Fed. 561; Lucker v. Assurance Co., 66 Fed. 161; Pierce v. Corrigan, 77 Fed. 657; Lund v. Railway Co., 78 Fed. 385; Jackson v. Insurance Co., 3 Woods, 413, Fed. Cas. No. 7,141; Dill. Rem. Causes (5th Ed.) § 157.

Motion to remand denied.