RANDALL et al. v. NEW ENGLAND ORDER OF PROTECTION et al.

(Circuit Court, D. Vermont. December 4, 1902.)

1. REMOVAL OF CAUSE—PETITION—RECORD.
   A petition for the removal of a cause to the federal court, though filed in the state court, is transmitted to the federal court as a part of the record, and is a pleading on the allegations of which the right of removal rests, and to which the pleadings of the adverse party must refer.

2. SAME—APPLICATION TO REMAND.
   Where a petition for the removal of a cause, filed February 13, 1902, alleging that defendant was required to appear within 42 days from December 3d, but that the time to plead was to be regulated by a rule of court, and that defendant's time to answer or plead did not expire until February 14, 1902, a motion to remand the case alleging that under the court rules of the state court defendant's time to plead had expired when its petition for removal was filed, but failing to set up the rules relied on, could not be sustained.

3. SAME—COURT RULES—JUDICIAL NOTICE.
   While the federal courts take judicial notice of the laws of the state in which they are sitting affecting procedure, they do not take judicial notice of the rules of such state courts, and such rules, if relied on, must be specially pleaded.

At Law.

Clarke C. Fitts, for plaintiffs.
Ernest W. Gibson, for defandants.

WHEELER, District Judge. This suit was begun by the plaintiffs, as "of New Hampshire," against the defendant, as a corporation duly established by the laws of the commonwealth of Massachusetts, and corporations and partnerships, as trustee, having goods, chattels, rights, or credits of the defendant in their hands or possession, of

¶ 3. Judicial notice of public laws and regulations, see note to Smith v. City of Shakopee, 44 C. C. A. 4.

Vermont, in the county court of the county of Windham, in the state of Vermont, by writ dated December 3, 1901, returnable within 21 days, and requiring an appearance within 42 days by a statute that left the time of pleading to be regulated by rule of court. The defendant, on the 13th day of February, 1902, filed a petition, with bond, in the state court, for removal of the case to this court, setting forth that the plaintiffs were citizens of New Hampshire and the defendant of Massachusetts, and "that the time of your petitioners as defendants in this action to answer or plead to the complaint in said action has not expired, and will not expire until the 14th day of February, A. D. 1902," and entered the suit in this court on February 25th, the first day of its stated February term, 1902, according to rule 13 of this court, which requires suits to be docketed on the first day of the term. Rule 21 of this court provides that "dilatory pleas shall be filed before noon of the second day of the term and the plaintiff may reply within a time to be allowed by the court." That term of this court was adjourned without day March 27th. On March 28th the plaintiffs filed in the clerk's office in this cause this motion:

"Now comes the plaintiff, and moves this court to remand the above-entitled cause to the county court in and for the county of Windham and state of Vermont, on the ground that the plaintiff's writ and process in the above-entitled cause was dated and issued by the clerk of said Windham county court on the 3d day of December, 1901; that by the laws of the state of Vermont, and the court rules governing the procedure in the several county courts in the state of Vermont, the defendant in the above-entitled cause was required to enter his appearance in said cause with the clerk of the Windham county court on or before the expiration of 42 days from the date of the writ and process in said cause, and to file all dilatory pleas and dilatory motions within 10 days after the time for entering such appearance should expire, and to file all special pleas, the general issue, with notice, pleas, and declarations in set-off and demurrers, within 12 days after the time for entering such appearance should expire, and, if neither special pleas nor the general issue with notice is filed within the time limited, the general issue shall be considered as pleaded; that the defendant in the above-entitled cause did not file with the clerk of the Windham county court, in the state of Vermont, his petition and prayer for the removal of said cause to the circuit court of the United States for the district of Vermont within the time for filing dilatory pleas and dilatory motions and special pleas, the general issue, with notice, pleas, and declarations in set-off and demurrers, as aforesaid, and did not file said petition and prayer with the clerk of said Windham county court until the 13th day of February, 1902; and on the ground that the said petition and prayer was not filed with the clerk of said Windham county court within the time prescribed by, and according to the statute of, the United States of America in such case made and provided."

The motion to remand has been submitted upon these pleadings and proceedings.

The petition for removal, although filed in the state court, comes to the circuit court as a part of the record, and is the pleading of the party seeking removal, and on the allegations of which the right of removal rests, and to which the pleadings of the other party, if any, in that respect, must refer. Carson v. Dunham, 121 U. S. 421, 10 Sup. Ct. 1030, 30 L. Ed. 992; 2 Fost. Fed. Prac. (3d Ed.) § 393. This is not such a case in which it might appear at any time that it "does not really and substantially involve a dispute or controversy

within the jurisdiction of the circuit court, or in which the parties * * * have been improperly or collusively made or joined either as plaintiffs or defendants for the purpose of creating a case cognizable or removable," and which the court may, on such fact appearing, dismiss or remand at any time under the act of 1875 (18 Stat. 472 [U. S. Comp. St. 1901, p. 511] ), but is one on its face cognizable in or removable to a circuit court of the United States, as being between citizens of different states, involving a proper amount, although the citizenship was not fully set forth in the writ. The petition and bond are to be filed in the state court at the time or any time before the defendant is required by the laws of the state or the rule of the state court to answer or plead to the declaration or complaint. 25 Stat. 433 [U. S. Comp. St. 1901, p. 510]. In the petition for removal the citizenship of the parties and time for filing the petition and bond were alleged, and a right of removal was thereby fully set up. Morris v. Gilmer, 129 U. S. 315, 9 Sup. Ct. 289, 32 L. Ed. 690. Under these circumstances a denial that the filing of the petition and bond were in time would be wholly dilatory, and could properly be made only by a traverse of that allegation, or by a traversable allegation of the rule of the state court and of the expiration of the time of pleading to the declaration under it before the filing of the petition in some form, within the time for filing dilatory pleas here. This court takes judicial notice of the laws of the state affecting its procedure, but not of the rules of the state courts which may be involved. Such rules are matters of fact to be set up as such when relied upon. The reference to those rules in the motion as the ground of it is not a traversable allegation of their existence, but is the mere assignment of them as reasons for granting the motion otherwise known, like the setting down of causes of special demurrer. The motion does not refer to the petition, and it must stand as founded on the face of the other proceedings, filed out of time, and after the term. The other proceedings appear to be sufficient as to such a motion, and it would have to be overruled if it had been in time; but more regularly it should be dismissed as out of time.

Motion dismissed.