## CHASE et al. v. ERHARDT.

(District Court, D. Vermont. July 20, 1912.)

1. REMOVAL OF CAUSES (§ 84*)—NOTICE—SUFFICIENCY.

Where the state court was satisfied that proper service of a written notice of removal proceedings was made, and it appeared that a copy of the petition was furnished to the counsel of record in the state court before being filed, the notice was sufficient on objection made in the federal court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 164; Dec. Dig. § 84.*]

2. REMOVAL OF CAUSES (§ 88*)—BOND—SUFFICIENCY.

Where defendant, within three months after the taking effect of the new Judicial Code on January 1, 1912, instituted removal proceedings in good faith, and a general appearance was entered by plaintiff, and a certified copy of the record was filed in good faith and no delay resulted, and where the bond filed provided for the entering of a certified copy of the record on the first day of the next term of court, instead of within 30 days as required by the provisions of the new Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1087 [U. S. Comp. St. Supp. 1911, p. 128]), and no objection was made and the attention of defendant's counsel was not called to the change in the Code, the defect in the bond, being one relating to the mode of procedure, was not fatal to the defendant's right to remove.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 184–188; Dec. Dig. § 88.*]

3. REMOVAL OF CAUSES (§ 88*)—DEFECTIVE BOND—AMENDMENT.

Where a party praying for removal of a cause to the federal court files a bond which does not comply with the statute, he may, upon objection being made, amend or file a new bond as the state court may require.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 184–188; Dec. Dig. § 88.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**4. REMOVAL OF CAUSES (§ 86*)—PETITION.**

The Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1087 [U. S. Comp. St. Supp. 1911, p. 128]), enacted March 3, 1911, and taking effect January 1, 1912, does not require that the petition to remove state that the petitioner has a just cause or a just defense and intends to prosecute it.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 132, 166–179; Dec. Dig. § 86.*]

**5. REMOVAL OF CAUSES (§ 92*)—FILING OF RECORD.**

The new Judicial Code enacted March 3, 1911, and taking effect January 1, 1912 (Act March 3, 1911, c. 231, § 29, 36 Stat. 1095 [U. S. Comp. St. Supp. 1911, p. 142]), requires that the bond in removal proceedings shall provide for the filing of a certified copy of the record in the federal court within 30 days, and that, "said copy being entered within said 30 days as aforesaid," the pleading shall follow within the next 30 days, but this Code nowhere requires that such copy "shall be" so entered. Section 39 authorizes enforcement of a forfeiture if the clerk fails to file such copy within "such time as the court may determine." Section 294 provides that there shall be no implication from any change of words of a change of the intent in the existing statutes unless clearly manifest. The time of filing the copy of the record does not affect any jurisdictional question. *Held*, that the words "said copy being entered within said 30 days" are not mandatory, and the federal court has discretionary power the same as before the enactment of this Code, to extend the time for filing.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 190; Dec. Dig. § 92.*]

**6. STATUTES (§ 236*)—CONSTRUCTION.**

Laws are liberally construed to give a remedy or carry into effect an object declared in the law.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 317, 324, 325; Dec. Dig. § 236.*]

Action by J. N. Chase and another against Fannie D. Erhardt, brought in the Rutland County Court of Vermont, and removed to the federal court on petition of defendant. Plaintiff moves that the case be remanded to the state court. Motion denied.

V. A. Bullard, of Burlington, Vt., for plaintiffs.

W. N. Theriault, of Montpelier, Vt., and M. C. Webber, of Rutland, Vt., for defendant.

MARTIN, District Judge. This is an action on the case for breach of warranty claiming damages to the amount of $5,000. One plaintiff is a citizen of Vermont, the other of Connecticut, and the defendant is a citizen of Massachusetts. The suit was brought in the Rutland county court of the state of Vermont and removed to this court on the petition of the defendant. The plaintiff moved that the case be remanded to the state court. On hearing it was claimed by the plaintiff:

(1) That no written notice of the petition and bond for removal was given before the filing of said petition and bond by the defendant.

(2) That the bond is not in compliance with the provisions of the Judicial Code in that its proviso is that a certified copy of record shall be filed in the federal court on or before the first day of the

term, whereas said Judicial Code requires that it shall be within 30 days.

(3) That the petition for removal contains no allegation that the defendant has a just defense and intends to make it.

(4) That a certified copy of record was not filed by the defendant within 30 days.

## I. Written Notice.

[1] It appears that the state court was satisfied that written notice was furnished to the counsel of record in that court in accordance with the provisions of law. I find, from the affidavit of the clerk of the state court and the evidence of M. C. Webber, Esq., that a copy of the petition for removal was furnished counsel of record in the state court before the same was filed, and that the notice was satisfactory to that court, and it should be and is to this court.

## II. Defective Bond.

[2] The alleged defect of the bond is that it does not provide for the filing of a certified copy of record within 30 days. Instead of that, it provides for the entering of said copy on the first day of the next term of court. The provisions as to the bond were changed by the Judicial Code. The Code, § 29, requires that the bond shall provide for the filing of a certified copy of record within 30 days.

[3] The party praying for removal, having filed a bond that does not comply with the statute, upon objection being made, may amend or file a new bond to the satisfaction of the state court. In the case at bar, had counsel for the plaintiff objected to the bond, the state court could have required an amendment or a new bond before granting the prayer of the petition. This bond is simply to compel the party petitioning for removal to actually enter the case in the federal court and pay costs if he fails in his removal proceedings. If the party petitioning for removal fails to enter his case in the federal court, then there is a liability under the bond for whatever damages the adverse party may suffer. This bond was executed and filed in accordance with the provisions of the statute as it was prior to the enactment of the Judicial Code, and within three months of the time when the Judicial Code took effect. The attention of counsel for the defendant had not been called to the change made in the Judicial Code. The removal proceedings were instituted in good faith under a constitutional right, and with no intent to hinder or delay, and immediately upon the entering of the case in the federal court there was a general appearance by counsel for the plaintiff. The certified copy of record has been filed in good faith, and no delay is caused to the prosecution of the case. This defect in the bond relates to the mode of procedure and is not fatal to the defendant's right to remove. I am aware that there are cases where the courts have held that, where a defective bond has been filed in the state court, it cannot be amended in the federal court, and the case should be remanded; but to my mind the cases cited below are the better authority, based upon better reasons, and result in a more just administration of the law. Harris v. Dela-

ware L. & W. R. Co. (C. C.) 18 Fed. 833; Overman Wheel Co. v. Pope Mfg. Co. (C. C.) 46 Fed. 577; Deford v. Mehaffy (C. C.) 13 Fed. 481.

Justice Bradley in Ayers v. Watson, 113 U. S. on pages 598 and 599, 5 Sup. Ct. 641, 643, 28 L. Ed. 1093, briefly discusses what are formal and what are jurisdictional questions in matters of removal in these words:

"We see no reason, for example, why the other party may not waive the required bond, or any informalities in it, or informalities in the petition, provided it states the jurisdictional facts; and, if these are not properly stated, there is no good reason why an amendment should not be allowed, so that they may be properly stated. So, as it seems to us, there is no good reason why the other party may not also waive the objection as to the time in which the application for removal is made. *It does not belong to the essence of the thing;* it is not, in its nature, a jurisdictional matter, but a mere rule of limitation. In some of the older cases the word 'jurisdiction' is often used somewhat loosely, and no doubt cases may be found in which this matter of time is spoken of as affecting the jurisdiction of the court. We do not so regard it."

Rose's Code of Federal Procedure, vol. 2, § 1138, a recent and excellent authority, states this:

"By comity at least, the state court, or the judge in vacation, should be given opportunity to pass upon the petition and bond. Its acceptance and order of removal thereon relate back to the filing of petition and bond. Moreover, there are advantages in formally presenting the petition and bond and obtaining their acceptance and an order of removal. *Defects may be pointed out which the party can remedy by amendments;* and the fact that the state court has formally accepted the petition and bond, places the removing party in a better position to enjoin the state court's proceedings, *or to obtain amendment in case defects are made the basis of objection in the Circuit Court.*" Guarantee Co. v. Hanway, 104 Fed. 369, 44 C. C. A. 312.

See, also, cases cited below under point IV.

### III. Allegation of Defense.

[4] The statute does not require that a party in a petition to remove shall assert that he has a just cause or a just defense and intends to prosecute it. See chapter 3 of the Judicial Code.

### IV. Filing of Record.

[5] The Judicial Code provides that one of the conditions of the bond shall be that a certified copy of record shall be filed in the federal court within 30 days. Before the enactment of the Code it was to be filed on or before the first day of the next term of the federal court. Congress evidently intended by this change that the party petitioning for removal should have 30 days in which to secure his copy of record from the state court, and that there should be no confusion or embarrassment as to the date of the next succeeding term of the federal court. There is not a word in section 29 of the Judicial Code, which relates to the procedure of removal, indicating that Congress was demanding or intending to require a more strict enforcement of the rules and regulations as to the procedure in the removal of causes. The Judicial Code nowhere provides that the entry of the

copy of record in the federal court *shall be* within 30 days. Observe the language:

"The said copy being entered within said thirty days, as aforesaid, in said District Court of the United States, the parties so removing the said cause shall within thirty days thereafter plead," etc.

The words above quoted, "as aforesaid," refer to the provision as to the bond, viz.:

"A bond, with good and sufficient surety, for his or their entering in such district court, within thirty days from the date of filing said petition, a certified copy of the record."

The Judicial Code was approved March 3, 1911, to take effect January 1, 1912. Former statutes which provided for the filing of the copy of record on or before the first day of the next term, as above stated, have been construed rigidly by some judges and liberally by others. The trend of authorities is that the provisions of law relating to the filing of the copy of record are not mandatory, but directory, and that the court should exercise a discretion in the matter, the line to be drawn upon good faith on the part of the moving party; and if a slip is made in a step in the process of removal, the party should not thereby necessarily lose a constitutional right. It had been held, before the enactment of the Judicial Code, that bonds might be amended and the time for filing papers and pleadings extended in the discretion of the court. If Congress had intended to deprive the court of a discretionary power in these directory steps, upon technical objection being made, it would have used far different language from that made use of in the Judicial Code. I quote again:

"The said copy being entered within said thirty days."

Not the said copy *shall* be entered within 30 days as aforesaid, nor that the said copy not being entered within 30 days the court shall, on motion, remand. On the contrary, it simply provides that the copy being entered in 30 days, the pleadings shall follow within the next 30 days. Is there any question but what, if the copy of record was entered in 40 days, the court could direct the pleadings to be filed within 20 days, especially when there is a general appearance for all the parties in the case? I see nothing in the Judicial Code indicating that the directory steps of the old statute are intended by the Code to become mandatory. I do not wish to be understood that it is not the duty of the court to heed the directory steps pointed out in the statute, but that for good cause shown the court has a discretionary power in the matter.

In this case it appears that the certified copy of record was filed in good faith. It appeared on hearing that counsel for the defendant was following the provisions of the old statute, and that his attention had not been called to the changes made in the Judicial Code. The petition to remand was filed March 21st, less than three months after the changes provided by the Judicial Code took effect. It further appeared on hearing that no delay has been caused by the failure to file the transcript within the 30 days. Under this state of facts, I think it an injustice to hold that a nonresident citizen shall be de-

prived of the right to have his case heard in the federal court, as provided by the Constitution. Suppose the clerk of the state court, through omission, illness, or willfulness, omits to furnish the certified copy within the 30 days. Is the removing party to be deprived of his right in the federal court? Clearly not. Section 39 makes provision for compelling the filing of the record, and, among other things, that section gives the United States District Court power to issue writ of certiorari commanding the state court to make return of the record and to enforce said writ against the clerk of the state court and to enforce a forfeiture should he fail "to file a copy of the paper or proceeding by which the same was commenced within such time as the court may determine." That time to be determined by the federal court may be 30 days or 60 days, as the facts and circumstances may warrant. Of course, the federal court would not issue a writ of certiorari until the 30 days had expired, for the county clerk is entitled to the full 30 days before he can be proceeded against, so the evident intention was that the court should have a discretionary power to extend the time for filing the record beyond the 30 days. This provision of section 39 plainly indicates that Congress did not intend that the words "said copy being entered within said thirty days" should be mandatory. On the contrary, it shows care in guarding against a mandatory construction. Section 294 of the Judicial Code squarely provides that there shall be no implication of a change of intent by reason of change of words unless such change of intent shall be clearly manifest.

The jurisdictional questions that arise on removal proceedings are: (1) Matters relating to the Constitution and laws of the United States, or treaties with foreign states or governments. (2) Diverse citizenship. (3) The amount involved.

The time for filing a copy of record does not affect any of these questions, so I hold that the question raised under point 4 is within the discretion of the court, and, under the facts in this case, I exercise that discretion in favor of the defendant.

In Guaranty Co. of North Dakota v. Hanway, 104 Fed. 369, at page 374, 44 C. C. A. 312, at page 318, Judge Sanborn, speaking for the Court of Appeals in the Eighth Circuit, uses this language:

"The time and the manner of the presentation of the pleadings and *the petition* relate to the form and method of the proceeding and not to the essentials of the right of removal."

[6] The technical steps in the mode of procedure are the only objections raised in the case at bar, and those are under a general appearance of counsel and, in my opinion, should not prevail. Laws are construed strictly to assert a right or avoid a penalty; they are construed liberally to give a remedy or carry into effect an object declared in the law. Deford v. Mehaffy, supra; Woolridge v. McKenna et al. (C. C.) 8 Fed. 650; Canal Co. v. Hart, 114 U. S. 654, 5 Sup. Ct. 1127, 29 L. Ed. 226; Kinney v. Columbia Savings & Loan Ass'n, 191 U. S. 78, 24 Sup. Ct. 30, 48 L. Ed. 103; Overman Wheel Co. v. Pope Mfg. Co., supra; Ayers v. Watson, supra; Creagh v. Insurance Co. (C. C.) 83 Fed. 849; Hamilton v. Fowler (C. C.)

83 Fed. 321; Torrent v. Martin L. Co. (C. C.) 37 Fed. 728; St. Paul R. R. v. McLean, 108 U. S. 216, 2 Sup. Ct. 498, 27 L. Ed. 703; National Ship Co. v. Tugman, 106 U. S. 118, 1 Sup. Ct. 58, 27 L. Ed. 87; B. & O. Railway Co. v. Koontz, 104 U. S. 5, 26 L. Ed. 643; Powers v. Railway, 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673; Northern Pacific Terminal Co. v. Lowenberg et al. (C. C.) 18 Fed. 339; Rowell v. Hill (C. C.) 28 Fed. 433; Eisenmann v. Delcmar's Nevada Gold Min. Co. (C. C.) 87 Fed. 248; Hughes, Federal Procedure, 346; Randall v. N. E. Order of Protection (C. C.) 118 Fed. 782.

The motion of the plaintiff to remand is denied.