**JANOSKE v. PORTER.**

No. 4902.

Circuit Court of Appeals, Seventh Circuit.

May 9, 1933.

Rehearing Denied June 5, 1933.

Thomas J. Peden, John C. Melaniphy, and Gerald Ryan, all of Chicago, Ill., for appellant.

Meyer N. Rosengard, of Chicago, Ill., for appellee.

Before EVANS and SPARKS, Circuit Judges, and BALTZELL, District Judge.

BALTZELL, District Judge.

On the 10th day of June, 1932, appellant (plaintiff below) filed a præcipe in the superior court of Cook county, Ill., requesting the clerk of that court to issue a summons commanding the appellee (defendant below) to appear in that court on the 1st day of August, 1932, to answer unto her in a plea of trespass on the case to her damage in the sum of $25,000. The summons was served on appellee on the 21st day of July. On the 1st day of August appellee entered his special appearance for the sole purpose of presenting a motion to remove the cause to the District Court of the United States for the Northern District of Illinois, Eastern Division. A petition for removal, accompanied by a bond, as required by law, was filed by appellee on the same day that his special appearance was entered. On the following day an order was entered in the superior court of Cook county, removing the cause to the District Court of the United States, as prayed in the petition. A transcript of the record was filed in the office of the clerk of the District Court on the 31st day of August, 1932. Appellant filed her declaration in the office of the clerk of the District Court on the 22d day of September, 1932, and on the 25th day of November following appellee filed a motion to strike the declaration and to dismiss the cause. After hearing upon this motion, the court sustained the same and entered the following order:

"The matter coming on to be heard on the motion of the defendant to strike the declaration filed in the above entitled cause for the reason that the said declaration was not filed within the time prescribed by the laws of the State of Illinois and for an order dismissing said cause, and the court having heard arguments of counsel and being fully advised in the matter,

"It is ordered that the declaration be, and it is hereby stricken from the files and said cause is dismissed for failure to file the declaration within the time prescribed by the statutes of the state of Illinois at plaintiff's costs."

There was in force at that time in the state of Illinois a Practice Act for the purpose of regulating practice and procedure in courts of record, which reads, in part, as follows: "If the plaintiff shall not file his declaration * * * ten days before the court at which the summons or capias is made returnable, the court, on motion of the defendant, shall continue the cause at the cost of the plaintiff, unless it shall appear that the suit was commenced within ten days of the sitting of the court, in which case the cause shall be continued without costs * * * and if the declaration * * * shall not be filed ten days before the second term of the court, the defendant shall be entitled to a judgment as in case of a non-suit. * * * " Smith-Hurd Rev. St. Ill. 1931, c. 110, § 32, Cahill's Rev. St. Ill. 1931, c. 110, par. 32.

It is also provided by the statute of Illinois "that the terms of the superior court of Cook county shall commence on the first Monday of every month." Smith-Hurd Rev. St. Ill. 1931, c. 37, § 126, Cahill's Rev. St. Ill. 1931, c. 37, par. 187.

The first day of the September term of the superior court of Cook county, in the year 1932, was on September 5. It is apparent, therefore, that, if the cause had not been removed to the District Court, appellant would have been required, under the provisions of the Illinois statute, to have filed her declaration on or before the 26th day of August, that being the 10th day before the commencement of the September term of the superior court, which was the second term of such court following the return of the summons.

The question, therefore, is whether or not the removal of the cause from the state court to the federal court suspended the time for the filing of the declaration; such suspension of time being measured by the number of days elapsing between the order of removal and the date on which the transcript of record was filed in the office of the clerk of the District Court. In other words, to apply the question specific, whether appellant was re-

quired to file her declaration on or before August 26th, or whether she had twenty-four days following August 31st (the date on which the transcript was filed in the clerk's office) within which to file such declaration. If the removal of the cause suspended the statute, then the declaration was filed within the required time; otherwise it was filed too late.

■■ The cause being one that was removable under the statute, the jurisdiction of the state court ceased immediately upon the filing of the removal petition and bond by appellee. No further action could be taken by that court, and no further pleadings were permissible therein. The jurisdiction of the District Court attached immediately. It was not necessary that a transcript of record be filed in the office of the clerk of the District Court in order to confer jurisdiction upon that court. The filing of the transcript of record with the District Court was necessary, however, for it to proceed with the cause. Baltimore & Ohio Railroad Company v. Koontz, 104 U. S. 5, 26 L. Ed. 643; National Steamship Company v. Tugman, 106 U. S. 118, 1 S. Ct. 58, 27 L. Ed. 87; Burlington, Cedar Rapids & Northern Railway Company v. Dunn, 122 U. S. 513, 7 S. Ct. 1262, 30 L. Ed. 1159; Hughes, Federal Practice (1931) vol. 4, § 2551.

■ The petition and bond for removal in the instant case were filed with the state court on August 1st, on which date that court's jurisdiction ceased, and no subsequent pleadings could be filed therein.

■ After the cause was removed to the District Court, it was the duty of that court, under the Conformity Act, to respect and follow the statutes of the state of Illinois as to practice, pleadings, forms, etc., "as near as may be." 28 USCA § 724.

■■ There can be no doubt that at least one of the elements considered by the Legislature in the enactment of the Practice Act in Illinois was to advance justice and prevent delays. The District Court may make its own rules and otherwise regulate its own practice, conforming always with the state statutes governing practice, pleadings, etc., as near as may be, "for the advancement of justice and the prevention of delays in proceedings." 28 USCA § 731.

Upon the removal of this cause to the District Court, a period of thirty days from the date of such removal order was allowed by statute in which the record must have been transcribed, certified by the clerk of the state court, and filed in the office of the clerk of the District Court. The fact is that practically all of the time thus allowed was consumed, as the transcript was not filed in the District Court until the very end of this period, or on August 31st. It is apparent, therefore, that, if appellant was required to file her declaration within the time that appellee insists she should have filed it, that time had elapsed before the transcript was filed in the District Court. The question as to when a declaration must be filed in a removal case, where the same had not been filed and was not required to have been filed at the time of the removal, had not been determind by any court at the time of the removal of the instant case. Appellee sought the removal, and was therefore permitted to seek his forum. Immediately upon seeking and obtaining his forum, he sought to have the cause dismissed, because, as he asserts, appellant did not file her declaration within the time prescribed by the Illinois statute. In complying with the Conformity Act, the District Court was only required to follow the state statute "as near as may be" in order that delays may be eliminated and justice may be done to all parties. As was stated by the Supreme Court of the United States in the case of Indianapolis & St. Louis Railroad Company v. Horst, 93 U. S. 291, 300, 23 L. Ed. 898: "The conformity is required to be 'as near as may be'— not as near as may be possible, or as near as may be practicable. This indefiniteness may have been suggested by a purpose: it devolved upon the judges to be affected the duty of construing and deciding, and gave them the power to reject, as Congress doubtless expected they would do, any subordinate provision in such State statutes which, in their judgment, would unwisely encumber the administration of the law, or tend to defeat the ends of justice, in their tribunals."

■ In the instant case, the transcript of record was filed in the District Court within the time prescribed by law. No delay was occasioned by the removal, except such as was necessarily occasioned by the time allowed by the statute for the preparation and filing of the transcript of record in the District Court. Upon the removal of the cause, appellee was relieved from filing any pleading or taking any action until after the record had been filed in the District Court. In justice to appellant, it naturally follows that she should be accorded the same treatment. She sought her forum in the beginning, and was compelled to change that forum upon motion of appellee. She should now be given an opportunity to present her case in that forum. The

default of a party to an action is always a harsh measure, and no party should ever be defaulted, unless the grounds upon which such default is authorized are clearly and authoritatively established and are in such clear and certain terms that the party to be defaulted can know, without question, that he is subject to default if he does not act in a certain manner. This we cannot say was true in the instant case. There was at least an uncertainty, and there was no stated rule as to when the declaration should have been filed in a situation similar to the one presented herein. Under such circumstances, appellant was justified in her belief that no further action was required upon her part until the record was filed in the District Court.

Therefore, in the interest of justice, and in conformity with the Illinois state statute, "as near as may be," the time elapsing between the order of removal and the filing of the transcript of record in the District Court should be suspended in so far as the same relates to the filing of the declaration by appellant. By the suspension of this time appellant had until the 24th day of September within which to file her declaration. She filed such declaration on the 22d day of September, which was within the time prescribed by law.

The judgment of the District Court is reversed, with direction that it overrule the motion to strike the declaration and dismiss the cause.