## COPELAND v. ERIE R. CO.
### KUEHN v. SAME.
### Nos. 797, 798.

District Court, S. D. Ohio, W. D.
Jan. 25, 1934.

Walter L. Pearson and H. P. Williamson, both of Dayton, Ohio, for plaintiffs.

H. L. Ferneding, of Dayton, Ohio, for defendant.

NEVIN, District Judge.

On June 26, 1933, defendant in each of the above-entitled causes, respectively, filed a motion directed to the petition. Subsequently, on September 26, 1933 (cause No. 798), and on October 13, 1933 (cause No. 797), plaintiff in each of the cases, respectively, by his counsel filed a motion to remand the causes to the common pleas court of Montgomery county, Ohio, whence they came. The basis of the motion to remand filed by plaintiff, in each instance, is the same, to wit: "That defendant failed to file a transcript of the proceedings of the Court of Common Pleas of Montgomery County, Ohio, within thirty days after filing of said petition and bond, and did not file said transcript of the proceedings in the Court of Common Pleas of Montgomery Co. Ohio, in this Court within thirty (30) days as provided, and in accordance with the Statutes of the United States permitting the removal of causes from the said State Courts to the United States District Court." The statute, the provisions of which are involved herein, is section 72, title 28, USCA (Judicial Code § 29).

A transcript of the record in the common pleas court of Montgomery county, Ohio, in each case respectively, was filed in this court on June 19, 1933. The record shows that the petition and bond for removal, in each case respectively, was filed in the common pleas court of Montgomery county, Ohio, on the 9th day of May, 1933, at which time the judge of the common pleas court ordered that each cause, respectively, be removed for trial into the District Court of the United States for the Southern District of Ohio, and all further proceedings in the common pleas court stayed. It is apparent, therefore, that more than thirty days elapsed between the date of the filing of the petition and bond in the common pleas court of Montgomery county, Ohio, and the filing of the transcript in this court.

The record further shows that on the 12th day of June, 1933, a judge of the common pleas court, upon application of the defendant, put on an order in each case, respectively, to the effect that "the time is extended and leave granted said defendant to file the transcript of the proceedings in the Common Pleas Court in said United States District Court on or before the 24th day of June, 1933."

It is claimed by counsel for plaintiff that the common pleas court of Montgomery county, Ohio, was wholly without power or authority to grant this extension. This court agrees with counsel for plaintiff (respectively) in this respect. It has been repeatedly held that, when the petition and proper bond for removal have been filed in the common pleas court, that court has no further jurisdiction over the cause. It can do nothing more than order the same removed to the United States District Court. It is the view of this court that the entry filed in the common pleas court on June 12, 1933, and approved by the common pleas court, is a nullity, and of no force and effect. Kern v. Huidekoper, 103 U. S. 485, 490, 26 L. Ed. 354; Baltimore & O. Railroad Co. v. Koontz, 104 U. S. 5, 26 L. Ed. 643; Madisonville Traction Co. v. Saint Bernard Mining Co., 196 U. S. 239, 25 S. Ct. 251, 49 L. Ed. 462; State of South Carolina ex rel. Tillman v. Coosaw Co. (C. C.) 45 F. 804, affirmed 144 U. S. 550, 12 S. Ct. 689, 36 L. Ed. 537; Anderson v. Telegraph Co. (D. C.) 218 F. 78.

The question to be determined, therefore, is as to whether or not, as claimed by plaintiff (in each case respectively), the filing of the transcript in this court within the thirty-day period referred to is mandatory, or whether, as claimed by defendant, the court, in the exercise of a sound discretion and for good cause shown, may permit the transcript to be filed after the thirty-day period has elapsed.

Whether or not the transcript is filed within the thirty-day period does not in and of itself determine the jurisdiction of the United States court; this attaches when the petition and proper bond have been filed and the proper proceedings taken before the common pleas court. Baltimore & O. Railroad Co. v. Koontz, 104 U. S. 5, 16–17, 26 L. Ed. 643; Waverly Co. v. Railway Co. (D. C.) 239 F. 561, 567; Anderson v. Telegraph Co. (D. C.) 218 F. 78, 79.

It appears from a long line of authorities that, if good cause is shown, the transcript may be entered on a day subsequent to the thirty-day period; this to be determined, as stated, by the court in the exercise of its sound discretion. A few decided cases in point are: Waverly Co. v. Railway Co., supra; Railroad Co. v. Koontz, supra; Chase v. Erhardt (D. C.) 198 F. 305.

Particular attention is directed to the language of the court in the last above cited case, beginning on page 308 of 198 F., under the heading entitled "Filing of Record." After a full discussion of the question involved in that case and here, the court concludes (page 310 of 198 F.) that the provisions of the act with regard to the filing of the record within thirty days are not "mandatory," but that, "on the contrary, it shows care in guarding against a mandatory construction." The case of Hatcher's Adm'x v. Wadley et al. (C. C.) 84 F. 913, cited by counsel for the respective plaintiffs in their brief, supports the principle which the court has just referred to. In that particular case, however, twelve terms of court having gone by after entry of the order of the state court for removal before it was attempted to file the record in the federal court, the federal court held that it was "inexcusable laches" (pages 913, 916 of 84 F.), and would not permit the record to be filed either at the time offered or by a nunc pro tunc entry.

In each of the cases at bar, respectively, there was a delay of but ten days between the expiration of the thirty-day period and the date upon which the transcript of record was filed in this court. Counsel for the defendant company has filed in each case, respectively, an affidavit setting forth the reasons why the transcript was not filed within the thirty-day period. The basic reason seems to be because the general counsel of the defendant company who had this matter in charge was confined to his bed as the result of an operation and unable to give attention to this business at the time. This the court considers as good cause.

The court is of the opinion that it has the right to exercise a sound discretion in this matter. In view of the statements contained in the affidavit and the comparatively short time elapsing after the thirty-day period had expired until the transcript was filed in this court, the court, in the exercise of its sound discretion and for good cause (as the court believes) shown, finds that the motion to remand in each case, respectively, should be, and it is, overruled.

An order may be drawn accordingly.