## WIELAND v. NEW YORK CENT. R. CO.
### No. 6427.

District Court, E. D. New York.
Nov. 13, 1934.

Julius L. Goldstein, of New York City, for plaintiff.

Clive C. Handy, of New York City (Gerald E. Dwyer, of New York City, of counsel), for defendant.

MOSCOWITZ, District Judge.

The above entitled action was commenced in the City Court of the city of New York, Queens county. Before the expiration of the defendant's time to answer, it filed a verified petition and bond for the removal of the cause to this court. The petition for removal was denied by the City Court and thereafter a certified copy of the record was filed in this court. Defendant now moves for an order restraining the plaintiff from further proceeding in the City Court.

■ The following paragraphs of plaintiff's complaint contain the substance of its cause of action:

"Third: That on or about and between the 26th day of January, 1932, and the 11th day of July, 1934, the defendant, acting as a common carrier, transported for and delivered to the plaintiff's assignor forty-four freight car-loads of refrigerator machines from Detroit, Michigan, to Albany, New York, as more specifically set forth in Schedule 'A' opposite numbers 1 to 44 inclusive, which schedule is annexed hereto and made a part hereof with the same force and effect as if the same were more fully and at length set forth herein.

"Fourth: That the defendant on the dates set forth in Schedule 'A' collected from the plaintiff's assignor various sums for said shipments, which sums were and are in excess of the proper rates filed and published by the defendant in accordance with the Interstate Commerce Act at the times said shipments were made."

Upon the face of the record, therefore, it appears that the suit involves a controversy as to a right which depends upon the laws regulating commerce. This is one of the enumerated actions in which a defendant is given the right to remove the cause from the state court to the District Court of the United States for the proper District. 28 USCA § 71; 28 USCA § 41, subd. 8. Accordingly, upon the timely filing by defendant of the petition and bond for removal, each being sufficient, the state court was effectually divested of jurisdiction over the action. New Orleans, etc., R. Co. v. Mississippi (Miss. 1880) 102 U. S. 135, 141, 26 L. Ed. 96, 98; Baltimore, etc., R. Co. v. Koontz (Va. 1881) 104 U. S. 5, 14, 26 L. Ed. 643, 645; National Steamship Co. v. Tugman (N. Y. 1882) 106 U. S. 118, 122, 1 S. Ct. 58, 27 L. Ed. 87, 89; St. Paul & C. R. Co. v. McLean (N. Y. 1883) 108 U. S. 212, 216, 2 S. Ct. 498, 27 L. Ed. 703, 704; Crehore v. Ohio, etc., R. Co. (Ky. 1889) 131 U. S. 240, 243, 9 S. Ct. 692, 33 L. Ed. 144, 145; Kern v. Huidekoper (Ill. 1881) 103 U. S. 485, 493, 26 L. Ed. 354, 357; Marshall v. Holmes (La. 1891) 141 U. S. 589, 595, 12 S. Ct. 62, 35 L. Ed. 870, 872; Madisonville Traction Co. v. St. Bernard Min. Co. (Ky. 1905) 196 U. S. 239, 25 S. Ct. 251, 49 L. Ed. 462.

■ There is no claim that the defendant did not follow the proper procedure for removal pursuant to statute. 28 USCA § 72. The motion is opposed upon the sole ground that this court is without power to issue an order restraining the plaintiff from taking proceedings in the state court after the state court denied the petition for removal and thereby refused to relinquish jurisdiction. This question has been settled by the United States Supreme Court.

In Chesapeake & Ohio Railway Company v. L. B. Cockrell, 232 U. S. 146, 34 S. Ct. 278, 281, 58 L. Ed. 544, the court stated: "And had the state court refused to give effect to the petition, it and the bond being sufficient, the railway company might have obtained a certified transcript of the record, resorting, if necessary, to a writ of certiorari for that purpose, and, upon filing the transcript in the Federal court, might have invoked the authority of the latter to protect its jurisdiction by enjoining the plaintiff from taking further proceedings in the state court, unless the cause should be remanded. Madisonville Traction Co. v. St. Bernard Min. Co., 196 U. S. 239, 245, 49 L. Ed. 462, 464, 25 S. Ct. 251; Chesapeake & O. R. Co. v. McCabe, 213 U. S. 207, 217, 219, 53 L. Ed. 765, 769, 770, 29 S. Ct. 430; Chesapeake & O. R. Co. v. McDonald, 214 U. S. 191, 195, 53 L. Ed. 963, 965, 29 S. Ct. 546; French v. Hay (French v. Stewart) 22 Wall. 250 [note], 22 L. Ed. 857; Dietzsch v. Huidekoper (Kern v. Huidekoper) 103 U. S. 494, 26 L. Ed. 497."

The defendant having filed a sufficient petition and bond for removal in the state court, and a certified transcript of the record herein, this court will protect its jurisdiction by enjoining the plaintiff from taking further proceedings in the state court.

**Motion granted. Settle order on notice.**