## LINCOLN MINE OPERATING CO. v. MANUFACTURERS TRUST CO. et al.
### No. 1953.

District Court, D. Idaho, S. D.

Nov. 27, 1936.

W. H. Langroise and Sam Griffin, both of Boise, Idaho, for plaintiff.

Hawley & Worthwine, of Boise, Idaho, for defendants.

CAVANAH, District Judge.

This case is now before the court on plaintiff's motion to remand in which it is urged:

1. That the record was not entered in this court within thirty days of the filing of the petition, as petition was filed on July 17, 1936, and the record entered August 24, 1936.

2. A diversity of citizenship does not appear as the plaintiff and Fred Turner, one of the defendants, are citizens and residents of Idaho. The petition for removal was filed on July 17, 1936, and the record entered in this court on August 24, 1936, more than thirty days from the time of the filing of the petition for removal. From the showing in connection with the delay in entering the record within the proper time, made by the defendant Manufacturers Trust Company, it appears that the time for the hearing of the application for an order of removal before the state District Judge was postponed from July 27, 1936, until August 3, 1936, at the request of counsel for the plaintiff, and at which time order of removal was made by the state District Judge. On August 3, 1936, counsel for the defendant Manufac-

500

turers Trust Company ordered from the clerk of the state District Court certified copy of the record and on August 7, 1936, sent to the clerk a form of certificate to be used in certifying the record and thereafter on August 24, 1936, the clerk returns and transmits the record to the clerk of this court.

In the affidavit of the clerk of the state District Court it is stated that she, on August 4, 1936, was requested by counsel for the defendant Manufacturers Trust Company for a certified copy of the record, and at that time she not being familiar with the preparation of the removal records, did on August 7, 1936, request counsel for the defendant Manufacturers Trust Company to prepare the necessary certificate of the record and on account of being required by law, as clerk, to perform services in connection with the state primary election on August 11, 1936, she did not complete the preparation of the record until August 21, 1936, and on August 22, 1936, she mailed the record to the clerk of this court, which was received and filed August 24, 1936. While promptness should be insisted upon by the courts in entering records on removal, yet, where as is shown here, the short delay was not due to inadvertence of counsel applying for the removal, but was caused by the clerk in not being able to certify the record in time, such showing is a sufficient justification for not complying with the statute and the request to file the record is granted.

The second contention that diversity of citizenship does not appear as it is urged that the plaintiff and one of the defendants, Fred Turner, are citizens and residents of Idaho, and that all defendants must be nonresidents of Idaho. Kiefer v. Idaho Falls (D.C.) 19 F.(2d) 538. Undoubtedly this is the correct rule if supported by the record. The nature of the action is one brought by the plaintiff, an Idaho corporation, to recover of the defendant Manufacturers Trust Company, a New York corporation, and the defendant Turner, a resident and citizen of Idaho, and the defendant Lewis, a resident and citizen of New York, certain personal property or for the sum of $55,000, the value thereof in case a delivery cannot be had and damages for its detention. The petition for removal states that the citizenship of the parties as thus stated, and that the defendant Turner has no interest in the controversy or makes any claim in or possession of the property other than as an employee of the Huron Holding Corporation, a New York corporation, and that any controversy between the defendant Turner and the plaintiff is separable and unconnected with any controversy between the plaintiff and the defendant Manufacturers Trust Company, and therefore is a controversy between citizens and residents of different states. The defendant Turner filed on July 17, 1936, a sworn disclaimer in which he disclaimed any right or title to or in the property involved. In the affidavit of James L. Fozzard it appears that the defendant Manufacturers Trust Company did not, after February 9, 1932, employ the defendant Turner for any purpose, but the plaintiff asserts that although there appears by the complaint, the petition for removal and affidavits, a diversity of citizenship as between it and the defendant Manufacturers Trust Company, yet there is no showing of a separable controversy between diverse citizens. To determine these contentions, it becomes necessary to first consider the controlling question on the motion to remand which is, Does the verified petition for removal allege facts showing that the defendant Turner, a resident and citizen of Idaho, was joined with the nonresident defendant Manufacturers Trust Company as a fraudulent device to prevent removal, and when so alleged by verified petition must the facts therein stated be accepted as true, unless the plaintiff by its motion to remand, by plea or answer, traverse such allegation of the petition and meets the facts set forth therein, and in the affidavits filed by the defendant Manufacturers Trust Company, and failure to take issue with them, is it deemed to have assented to the truth of what is stated in the petition, and is proof to sustain it required by the petitioning defendant? The answer to this inquiry is furnished by the Supreme Court in the case of Wilson v. Republic Iron & Steel Company et al., 257 U.S. 92, 42 S.Ct. 35, 37, 66 L.Ed. 144, wherein Mr. Justice VanDevanter lays down the rule: "A civil case, at law or in equity, presenting a controversy between citizens of different states and involving the requisite jurisdictional amount, is one which may be removed from a state court into the District Court of the United States by the defendant, if not a resident of the state in which the case is brought (section 28, Judicial Code [28 U.S.C.A. § 71]); and this right of removal cannot be defeated by a fraudu-

lent joinder of a resident defendant having no real connection with the controversy (Wecker v. National Enameling & Stamping Co., 204 U.S. 176, 185, 186, 27 S.Ct. 184, 51 L.Ed. 430, 9 Ann.Cas. 757). If in such a case a resident defendant is joined, the joinder, although fair upon its face, may be shown by a petition for removal to be only a sham or fraudulent device to prevent a removal; but the showing must consist of a statement of facts rightly leading to that conclusion apart from the pleader's deductions. Chesapeake & Ohio Ry. Co. v. Cockrell, 232 U.S. 146, 152, 34 S.Ct. 278, 58 L.Ed. 544. The petition must be verified (section 29, Judicial Code [28 U.S.C.A. § 72]), and its statements must be taken by the state court as true (Illinois Central R. R. Co. v. Sheegog, 215 U.S. 308, 316, 30 S.Ct. 101, 54 L.Ed. 208). If a removal is effected, the plaintiff may, by a motion to remand, plea, or answer, take issue with the statements in the petition. If he does, the issues so arising must be heard and determined by the District Court (Stone v. South Carolina, 117 U.S. 430, 432, 6 S.Ct. 799, 29 L.Ed. 962; Chicago, Rock Island & Pacific Ry. Co. v. Dowell, 229 U.S. 102, 113, 33 S.Ct. 684, 57 L.Ed. 1090; Chesapeake & Ohio Ry. Co. v. Cockrell, supra, 232 U.S. 146, pp. 152, 154, 34 S. Ct. 278, 58 L.Ed. 544), and at the hearing the petitioning defendant must take and carry the burden of proof, he being the actor in the removal proceeding (Carson v. Dunham, 121 U.S. 421, 425, 426, 7 S.Ct. 1030, 30 L.Ed. 992). But if the plaintiff does not take issue with what is stated in the petition, he must be taken as assenting to its truth, and the petitioning defendant need not produce any proof to sustain it. Kentucky v. Powers, 201 U.S. 1, 33–35, 26 S.Ct. 387, 50 L.Ed. 633, 5 Ann.Cas. 692.

"Here, but for the joinder of the co-employee the case plainly was one which the employer was entitled to have removed into the District Court on the ground of diverse citizenship; and, if the showing in the petition for removal be taken as true, it is apparent that the coemployee was joined as a defendant without any purpose to prosecute the action in good faith as against him and with the purpose of fraudulently defeating the employer's right of removal. This is the rational conclusion from the facts appropriately stated, apart from the pleader's deductions. The petition was properly verified, and the plaintiff, although free to take issue with its statements, did not do so. He therefore was to be taken as assenting to their truth, relieving the employer from adducing evidence to sustain them, and merely challenging their sufficiency in point of law. We hold they were sufficient, in that they disclosed that the joinder was a sham and fraudulent, and hence was not a legal obstacle to the removal or to the retention of the cause by the District Court." See Leonard v. St. Joseph Lead Co. et al. (Eighth C.C.A.) 75 F.(2d) 390; Farmers' Bank & Trust Co., of Hardinsburg, Ky., v. Atchison, T. & S. F. Ry. Co. (Eighth C.C. A.) 25 F.(2d) 23.

In the motion to remand, the plaintiff does not take issue with the defendant Manufacturers Trust Company or offer proof as to the allegations set forth in the petition for removal and the facts contained in the affidavits of James L. Fozzard, Lester Bessell, and Alexander Lewis as to the defendant Turner not claiming or having any right or title to or in the property involved, or that he was an employee of the Huron Holding Company or connected with, or connected with as an employee or otherwise, of the defendant Manufacturers Trust Company. No affidavits or evidence was offered by the plaintiff contradicting the allegations of the petition for removal and the facts contained in the affidavits referred to, therefore, under the principles laid down by the Supreme Court in the case of Wilson v. Republic Iron & Steel Co., supra, the facts set forth in the petition for removal and affidavits filed by the defendant Manufacturers Trust Company, must be deemed to have been assented to by the plaintiff as true, and, when done so, we have a situation where it appears that the naming of the defendant Turner, a resident and citizen of Idaho, was a device to prevent removal of the case to the United States court, for it appears that the defendant Turner is not holding possession of the property involved in his own right as an individual, which is the capacity in which he is sued, but as an employee of the Huron Holding Corporation. Therefore, if that be true, there is no connection whatever between him and the defendant Manufacturers Trust Company in which it could be said that the action is a joint one. The mere fact that such a situation may be a defense as far as Turner is concerned, it does not preclude the Manufacturers Trust Company from insisting on the motion to remand

502

that Turner was made a party rather than his employer, Huron Holding Corporation, only to prevent removal.

The motion to remand is denied.