## FUEGEN v. MILLER.

### No. 30.

District Court, Iowa, N. D.
Cedar Rapids Division.
Feb. 27, 1941.

O. J. Elsenbast and G. P. Linville, both of Cedar Rapids, Iowa, for plaintiff.

Grimm, Elliott, Shuttleworth & Ingersoll, of Cedar Rapids, Iowa, for defendants.

SCOTT, District Judge.

The plaintiff, Valeria M. Fuegen filed her petition on August 13, 1940, against the defendant, Milford Miller, in the District Court of Iowa for Cedar County, for the recovery of damages for alleged personal injuries on account of the defendant's alleged negligence in causing collision of automobiles. Plaintiff effected service of original notice in said cause by filing the same with the Commissioner of Public Safety for the State of Iowa on the 16th day of August, 1940, and mailing notice of filing by registered mail deliverable only to the addressee, on the 18th day of August, 1940, as required by the statute of Iowa, which registered notice was received and receipted for by the defendant, Milford Miller, on the 20th day of August, 1940, at Chicago, Illinois. The original notice required the defendant to appear and plead on or before the expiration of sixty days after the filing of the same with the Commissioner of Public Safety for the State of Iowa, which time would expire on the 15th day of October, 1940.

On the 10th day of October, 1940, defendant served plaintiff's counsel with notice that a petition for removal of said cause to the District Court of the United States for the Southern District of Iowa, Davenport Division, would be filed on or before the 12th day of October, 1940, and on the 11th day of October, 1940, the defendant specially appeared in the District Court of Iowa for Cedar County, "for the limited purpose of presenting his petition for the removal of the cause from the aforesaid District Court of Iowa to the District Court of the United States for the Southern District of Iowa, Davenport Division, held at the city of Davenport, Iowa," and at the same time filed and presented his petition for removal to the District Court of the United States for the Southern District of Iowa, Davenport Division. Said petition was accompanied by the aforesaid notice and return of service thereof, and a bond specially conditioned for the payment of costs if it were found that the cause was wrongfully removed to the Southern District of Iowa.

On the 2nd day of November, 1940, Hon. John T. Moffit, Judge of the Eighteenth Judicial District of Iowa, entered an order of removal of said cause to the United States District Court for the Southern District of Iowa, Davenport Division. On the 9th day of November, 1940, and before the transcript was actually filed in the Southern District of Iowa, the defendant filed in the State Court an amendment of his petition for removal, purporting to correct the original petition by substituting the Northern District of Iowa, Cedar Rapids Division, for the Southern District of Iowa, Davenport Division. What I have said as to the amendment being filed before the actual filing of the transcript in the Southern District, I take from a recital of the amendment itself. However, the resistance to said amendment shows the filing of the transcript in the Southern District also on November 9, 1940.

On November 15, 1940, plaintiff entered a special appearance in the District Court of Iowa for Cedar County for the sole purpose of questioning the jurisdiction of that Court to permit an amendment to the petition for removal, on the ground that removal was already an accomplished fact. This resistance was never ruled on.

On the 7th day of December, 1940, Hon. Charles A. Dewey, Judge of the Southern District of Iowa, entered an order remanding said cause to the District Court of Iowa for Cedar County, holding that in

the circumstances the United States District Court for the Southern District of Iowa, had no jurisdiction. Said cause was remanded in pursuance of said order, and on the 10th day of December, 1940, the defendant served notice and by leave of Court filed a second amendment to his petition for removal in the State Court, reciting some of the history of the cause and praying removal to the Northern District of Iowa, Cedar Rapids Division, and on the same day filed a second bond in the penal sum of $500, conditioned for the filing of a transcript within thirty days and for the payment of all costs that might be awarded by the District Court of the United States for the Northern District of Iowa if said Court should hold that said cause was wrongfully and improperly removed to the Northern District of Iowa, Cedar Rapids Division.

On December 14, 1940, plaintiff filed a resistance to said second amendment to the petition for removal.

On January 9, 1941, Hon. John T. Moffit, Judge of the Eighteenth Judicial District of Iowa, entered an order granting said amended petition for removal, and transcript was filed in this Court on January 16, 1941. And on the 17th day of January, 1941, the plaintiff specially appeared in this Court and moved to remand said cause, service of said motion having been duly acknowledged prior to filing, and on the same day the plaintiff gave notice of bringing said motion on for hearing on the February, 1941, Motion Day to be held on the 4th day of February, 1941, in the United States Court Room at Sioux City, Iowa, at 10 o'clock A.M. Later by agreement of the parties, the motion was reassigned for oral argument at Dubuque, Iowa, on February 12th, 1941. On February 12th the parties appeared by their respective counsel of record, and the motion to remand was fully argued and submitted, and taken under advisement.

 It is quite apparent from an examination of the petition for removal filed in the State Court on October 11th, 1940, that the contents of that petition taken in connection with other matters on record in the State Court, clearly disclose all of the essentials of federal jurisdiction, and that all irregular matters pertained only to questions of venue. It is also well settled that the irregular matters relating to venue could be corrected by amendment. Powers

v. Chesapeake & Ohio Railway, 169 U.S. 92, 101, 18 S.Ct. 264, 42 L.Ed. 673. It is probably true, as counsel for both parties concede, that so far as federal jurisdiction was concerned the case could by consent have been tried in the Southern District of Iowa. Lee v. Chesapeake & Ohio Ry., 260 U.S. 653, 43 S.Ct. 230, 67 L.Ed. 443, overruling Ex parte Wisner, 203 U.S. 449, 27 S.Ct. 150, 51 L.Ed. 264, and qualifying In re Moore, 209 U.S. 490, 28 S.Ct. 585, 706, 52 L.Ed. 904, 14 Ann.Cas. 1164, and numerous other cases following Lee v. Chesapeake & Ohio Ry., supra, including Neirbo Co. v. Bethlehem Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437. The fact that the case might have been tried in the Southern District of Iowa by consent, was not sufficient to warrant the defendant's counsel in assuming that such consent on the part of the plaintiff would be forthcoming. It is clear from the record that on or before November 9, 1940, counsel for defendant discovered that they were in error as to Cedar County, Iowa, being within the Davenport Division of the Southern District of Iowa, and had become fully apprised that Cedar County was within the Cedar Rapids Division of the Northern District of Iowa. On that date defendant filed an amendment to his petition for removal in the State Court, correcting the error. This was before any transcript had been filed in the Southern District and on the 29th day after the filing of the original petition for removal. The defendant, therefore, had ample time to construct a transcript, if one had not already been prepared, and filed it in the Clerk's office of this Court at Cedar Rapids, Iowa, within the limit of time prescribed for the filing of the transcript. Counsel for defendant for some inexplicable reason elected to send their transcript into the Southern District and thus forced the plaintiff to follow the transcript and move for remand, which was done. As a result of procedural skirmishing a transcript was not filed in the Cedar Rapids Division of the Northern District of Iowa for ninety-seven days after the filing of the original petition for removal. While it has never been the attitude of this Court to rigidly enforce the thirty day period for filing the transcript, if any reasonable excuse was offered, nevertheless in the present circumstances I think it would not be wise to establish a precedent overlooking the unnecessary

carrying the case into the Southern District and the long and I think unreasonable delay of getting the transcript on file in the proper district.

In the circumstances I am constrained to sustain the plaintiff's motion to remand, and it is so Ordered;· and the cause is remanded to the District Court of the State of Iowa for Cedar County for further proceedings, and the costs of removal in this Court will be taxed to the defendant.