## HENJES v. ÆTNA INS. CO. et al.
### No. 1953.

District Court, E. D. New York.

May 5, 1941.

---

Robert F. Donoghue, of New York City, for plaintiff.

Bigham, Englar, Jones & Houston, of New York City (Henry J. Bogatko, of New York City, of counsel), for defendants Hartford Fire Ins. Co. and others.

MOSCOWITZ, District Judge.

This is a motion made by the defendants, Hartford Fire Insurance Company, Connecticut Fire Insurance Company and Universal Insurance Company for the following relief: "Why an order should not be entered herein:

"a. declaring null and void the plaintiff's ex parte order of the New York Supreme Court, Kings County, dated the 14th day of April, 1941, discontinuing without prejudice the above entitled action as against the defendants, The Hartford Fire Insurance Company, The Connecticut Fire Insurance Company and The Universal Insurance Company, and

"b. restraining the plaintiff and his attorney from all further proceedings in the action in the Supreme Court, Kings County, and for such other and further relief as may be just and proper."

Plaintiff commenced an action in the New York Supreme Court, Kings County, to recover the sum of $30,000 under a policy of insurance which was subscribed by sixteen insurance companies severally. In that action plaintiff seeks to recover from each of the three defendants, The Hartford Fire Insurance Company, The Connecticut Fire Insurance Company and The Universal Insurance Company, amounts exceeding $3,000.

None of the three defendants are citizens of New York. The plaintiff is a citizen of New York, therefore diversity exists. The controversy between the plaintiff and the defendants is separable, therefore this court has jurisdiction.

On April 12, 1941, the three defendants served plaintiff's attorney with their petition for removal and bond, with a notice to the effect that the documents would be submitted to the New York Supreme Court, Kings County, on Monday, April 14th, at 11 A. M. Pursuant to this notice the petition and bond were presented to the New York Supreme Court, Kings County, and at that time the plaintiff submitted a proposed ex parte order discontinuing the action against the three defendants above mentioned. The justice of the Supreme Court, to whom the papers were submitted, signed the order of discontinuance and immediately thereafter approved the bond on removal. The petition and bond were immediately filed in the Supreme Court, Kings County Clerk's office.

Section 72 of Title 28, U.S.C.A. provides in the matter of removal of an action from the State court to the District Court of the United States, as follows: "Whenever any party entitled to remove any suit mentioned in section 71 of this title * * * may desire to remove such suit from a State court to the district court of the United States, he may make and file a petition, duly verified, in such suit in such State court * * * for the removal of such suit into the district court to be held in the district where such suit is pending, and shall make and file therewith a bond * * *. It shall then be the duty of the State court to accept said petition and bond and proceed no further in such suit. * * *"

Upon presentation of the petition for removal and bond to the State court the latter court lost jurisdiction and the action is removed to the federal court. The removal of the action is effected immediately upon the presentation of the petition and approved bond regardless of whether the State court enters an order or approves the bond. See New Orleans, M. & T. R. R. Co. v. Mississippi, 102 U.S. 135, 26 L.Ed. 96; Baltimore & Ohio R. R. Co. v. Koontz, 104 U.S. 5, 26 L.Ed. 643; National Steamship Co. v. Tugman, 106 U.S. 118, 1 S.Ct. 58, 27 L.Ed. 87; Remington v. Central Pacific R. R. Co., 198 U.S. 95, 25 S.Ct. 577, 49 L.Ed. 959; Kern v. Huidekoper, 103 U.S. 485, 26 L.Ed. 354; Dennis v. Alachua County, Fed.Cas.No. 3,791; State of Ohio v. Swift & Co., 6 Cir., 270 F. 141; Des Moines Elevator & Grain Co. v. Underwriters' Grain Association, 8 Cir., 63 F.2d 103; Lynch v. Springfield Fire & Marine Ins. Co., D.C., 15 F.2d 725; Wieland v. New York Central R. Co., D.C., 9 F.Supp. 572; La Page v. Day, C.C., 74 F. 977.

The order of the Supreme Court made on the 14th of April, 1941, which purported to allow a discontinuance of the action can have no effect on this court. The case was properly removed to this court and is now here.

Motion granted. Settle order on notice.