**KIRBY v. COTANT TRUCK LINES, Inc., et al.**

**No. 296.**

District Court, D. Nevada.

Aug. 16, 1943.

William M. Kearney, of Reno, Nev., and Merwyn H. Brown, of Winnemucca, Nev., for plaintiff.

George L. Vargas and Morley Griswold, both of Reno, Nev., for defendant.

NORCROSS, District Judge.

This is a motion to remand. Complaint was filed in the Sixth Judicial District Court of the State of Nevada, in and for the County of Humboldt, February 11, 1943. Petition for removal, upon the ground of diversity of citizenship, notice thereof and bond therefor were filed by defendants February 23, 1943. A certified copy of the record in the State Court was never thereafter filed in this Court. Plaintiff filed a motion to remand, June 12, 1943, which motion has been submitted on briefs. No question is raised with respect to the fact of diversity of citizenship or that the petition and bond were not in due form and notice of filing thereof properly given. Defendants' contention, that the motion to remand should be denied, primarily rests upon the ground, supported by affidavits, to the effect that upon filing the petition, bond and notice, and exhibiting a formal order for removal, the District Judge of the State Court stated that he "would not sign the order for removal until after a hearing and determination as to the propriety and sufficiency thereof"; that counsel for defendants were not advised of the signing of such order if the same had been so signed.

The contentions of respective parties involves the construction to be placed on section 29 of the Judicial Code, 28 U.S.C.A. § 72, as amended March 3, 1911, effective January 1, 1912. Following Section 72,.

supra, as published in the Code Annotated, appears an "Historical Note," calling attention to changes made in the section of the Judicial Code, by the said last amendment, reading:

"The Committee on revision which prepared the Judicial Code of Mar. 3, 1911, appended to section 29, thereof, from which the text is derived, a note indicating that the provisions in this section that the petition for removal shall be 'duly verified,' that the bond shall require the filing of a certified copy of the record 'within thirty days from the date of filing said petition,' that 'written notice of said petition and bond for removal shall be given the adverse party or parties prior to filing the same,' that the copy is to be entered 'within said thirty days,' and that 'the parties so removing the said cause shall, within thirty days thereafter, plead, answer, or demur to the declaration or complaint in said cause'—are new legislation. Otherwise the section is a re-enactment, without material change, of provisions of prior law cited to the text."

The law is well settled that, in cases instituted in a State Court, which are subject to removal to a United States District Court, and a petition and bond for such removal, in prescribed forms, together with notice thereof, are filed in the State Court, jurisdiction immediately vests in the Federal Court and, hence, ceases in the State Court, unless revived therein by action of the Federal Court. Great Northern Ry. Co. v. Galbreath Co., 271 U.S. 99, 46 S.Ct. 439, 70 L.Ed. 854; Lee v. Chesapeake & Ohio Ry. Co., 260 U.S. 653, 43 S.Ct. 230, 67 L.Ed. 443; Chesapeake & O. Ry. Co. v. Cockrell, 232 U.S. 146, 34 S.Ct. 278, 58 L.Ed. 544; Polito v. Molasky, 8 Cir., 123 F.2d 258; Pacific Steamship Co. v. Sutton, 9 Cir., 7 F.2d 579, certiorari denied 269 U.S. 586, 46 S.Ct. 202, 70 L.Ed. 425; Fuegen v. Miller, D.C., 37 F.Supp. 213; Phillips v. Western Terra Cotta Co., C.C., 174 F. 683; Loop v. Winters' Estate, C.C. Nev., 115 F. 362; Eisenmann v. Delemar's Nevada Gold-Min. Co., C.C., 87 F. 248; 28 U.S.C. A. § 72, note 371, p. 516, authorities cited.

It is clear from a reading of said section 72, as amended, that it requires that upon duly filing the petition for removal that it then becomes the duty of a petitioner or petitioners to file in the United States District Court "within thirty days from the date of filing said petition, a certified copy of the record in such suit." There is no requirement for any action upon the part of the Judge of the State Court. All that is necessary is that the petitioning defendant or defendants obtain from the Clerk of the State Court "a certified copy of the record" and file the same with the Federal Court. Polito v. Molasky, supra. Holm v. Hickory C. M. Co., D. C., 36 F.Supp. 441.

We have here a case where from the time of filing the petition for removal and the filing of the motion to remand an intervening time of 109 days had elapsed. The only excuse appearing for the delay is the contention respecting the law empowering action by the State District Judges before the certified copy of the record may be filed. It is the conclusion of the Court that the delay is not of the length and character which would justify denying the motion. Fuegen v. Miller, D.C., 37 F.Supp. 213.

The case is remanded to the State Court for further proceedings, and the costs of removal to this court will be taxed to the defendants.