## STEFANATOS et al. v. UNITED GREEK SHIPOWNERS CORPORATION.

Civ. No. 40–570.

District Court, S. D. New York.

April 15, 1947.

194

Arkin, Lebovici & Kottler, of New York City (Herbert Lebovici, of New York City, of counsel), for plaintiffs.

Conforti, Seward, Lane & Kourides, of New York City (William E. Seward and Peter T. Kourides, both of New York City, of counsel), for defendant.

GODDARD, District Judge.

This is a motion by the plaintiffs to remand the cause to the City Court of New York on the ground that the defendant did not file a certified copy of the transcript of the record within 30 days after filing the petition and bond for removal as is required by Section 72 of Title 28 U.S.C.A.

On January 17, 1947 the defendant filed in the City Court of New York its petition and bond for removal. The plaintiffs at that time submitted an affidavit in opposition to the removal and requested and received permission to file a brief in support of their petition. The plaintiffs' brief was submitted on January 22, 1947. The defendant submitted its brief on January 29, 1947. The court filed its opinion, signed the order of removal, and approved the bond on February 11, 1947. The defendant filed a transcript of the record on March 11, 1947, which was 28 days after the Justice of the City Court had acted upon the petition, but 53 days after the petition had been filed.

The sole question is whether the defendant's delay in filing the transcript of the record requires this court to remand the cause to the City Court.

It is well settled that the United States District Court acquires jurisdiction upon the filing of the petition and bond, and that no action is required by a judge of a state court. Kern v. Huidekoper, 103 U.S. 485, 26 L.Ed. 354; Baltimore & O. Railroad Company v. Koontz, 104 U.S. 5, 26 L.Ed. 643; Coyle v. Skirvin, 10 Cir., 124 F.2d 934, 937, certiorari denied 316 U.S. 673, 62 S.Ct. 1044, 86 L.Ed. 1748; Janoske v. Porter, 7 Cir., 64 F.2d 958; Kirby v. Cotant Truck Lines, D.C., 50 F. Supp. 1021 and cases therein cited; Peavey v. Reed Co., D.C., 41 F.Supp. 351; Henjes v. Ætna Insurance Company, et al., D.C., 39 F.Supp. 19, 21; Copeland v. Erie Railroad Company, D.C., 5 F.Supp. 906.

Filing of the transcript of the record is not essential to give the court jurisdiction, but is necessary to enable the court to proceed with the cause. Janoske v. Porter, 7 Cir., 64 F.2d 958 and cases therein cited.

The purpose of requiring the filing of the transcript of the record within a specified time is to prevent the removing party from using the removal statute as a means of undue delay to the prejudice of the plaintiff, for the court, to which the cause is removed, cannot proceed to dispose of the case until it has the record. Janoske v. Porter, 7 Cir., 64 F.2d 958, 960; see also Baltimore & O. Railroad Company v. Koontz, 104 U.S. 5, 17, 26 L.Ed. 643; Lincoln Mine Operating Co. v. Manufacturers Trust Co., D.C., 17 F.Supp. 499, 500.

Whether or not the cause should be remanded to the state court for failure to file within 30 days after filing the petition rests in the sound discretion of the court to which the cause is removed, and generally the decisions hold that where the delay was not due to inadvertence or neglect, the court will not remand the cause. St. Paul & Chicago Ry. Co. v. McLean, 108 U.S. 212, 2 S.Ct. 498, 27 L.

Ed. 703; Copeland v. Erie Railroad Co., D.C., 5 F.Supp. 906; Fuegen v. Miller, D. C., 37 F.Supp. 213; Lincoln Mine Operating Co. v. Manufacturers Trust Co., D. C., 17 F.Supp. 499. It has been held that where the delay is due to a state court justice holding the case under advisement, it will be considered timely if the transcript is filed within 30 days after the state court justice's order. Lewis v. Erie Railroad Co., D.C., 257 F. 868; Collins Manufacturing Co. v. Wickwire Spencer Steel Co., D.C., 11 F.2d 196; Lever Bros. Co. v. J. Eavenson & Sons, D.C., 7 F.Supp. 679.

For the reasons above set forth, the plaintiffs' motion to remand the cause is denied.

Settle order on notice.