MARION v. AKRON TRUSS APPLIANCES, Inc.

No. 5676.

District Court, E. D. Missouri, E. D.

Jan. 14, 1948.

Milton F. Napier, of St. Louis, Mo., for plaintiff.

Fordyce, White, Mayne, Williams & Hartman and Walter R. Mayne, all of St. Louis, Mo., for defendant.

HULEN, District Judge.

This case originated in the State court, was removed, and is now before this Court on motion to remand. This Court's jurisdiction is challenged on several grounds, only one of which is deserving of consideration. It is conceded by both parties that the transcript was not filed in the Federal court within 30 days from the filing of the petition for removal in the State court.

The burden is on defendant to show jurisdiction in this Court. To meet the rule defendant urges (1) that the date of acting upon the petition for removal by the State court, rather than the date of filing, controls the running of the 30 day period, and (2) that the provision of the removal act, 28 U.S.C.A. § 71 et seq., relating to the filing of copy of the record in the Federal court is directory, a regulation of procedure, and that it is a matter of discretion for the Federal court whether the filing of record out of time will be permitted.

I. There is a case holding that the 30 day period runs from the acceptance of the petition and action by the State court on it. See Lewis v. Erie R. Co., D. C. Pa. 1919, 257 F. 868. We decline to follow the ruling in the Lewis case because it would permit the defendant removing a case from the State court to delay presentation of the removal petition and thereby toll the date of docketing the case in the Federal court. The 30 day statute is a compulsion upon the removing defendant to expedite the removal proceedings so the trial of the case will not be unnecessarily delayed by the removal. The Lewis case does not seem to be followed by other courts.

II. We agree with defendant that the weight of authority supports the proposition that if good cause is shown the District Court may permit the transcript to be entered in the United States District Court on a day subsequent to 30 days after filing of the removal petition in the State court. Whether or not good cause has

been shown is a matter lying within the exercise of the sound discretion of the District Court.

See: Gjerde v. Thelander, D.C. Iowa 1922, 294 F. 292; Chase v. Erhardt, D.C. D. Vt. 1912, 198 F. 305; Copeland v. Erie R. Co., D.C. S.D. Ohio 1934, 5 F.Supp. 906; Fuegen v. Miller, D.C. N.D. Iowa 1941, 37 F.Supp. 213; Lincoln Mine Operating Co. v. Manufacturers Trust Co., D.C. Idaho 1936, 17 F.Supp. 499; Kirby v. Cotant Truck Lines, D.C. Nev. 1943, 50 F.Supp. 1021; In re Vadner, D.C. Nev. 1918, 259 F. 614; Guarantee Co. of North Dakota v. Hanway, 8 Cir., 1900, 104 F. 369.

■ The weakness in defendant's position is that it has neither presented nor made any effort to present evidence of good cause to excuse failure to comply with the removal statute. Defendant filed no affidavits to explain the delay in filing of transcript. We have reexamined the oral argument of defendant's counsel at the time this motion was heard and find not a word on the subject. We are therefore without a basis for a discretionary ruling. We will not hold the statute providing time for filing transcript meaningless. To retain jurisdiction of this case, on the record, would do so.

### Order.

The Court finds that this cause was improperly removed from the Circuit Court of the City of St. Louis, State of Missouri, and it is ordered that the same be remanded to the State court from which it came.