Jerry Bishop RICK, a Minor, by his mother and next friend, Edna M. Rick, Plaintiff,

v.

Wesley Ray HEDRICK, Hudson Oil Company of Missouri, Inc., a Kansas corporation, and Hudson Oil Company, Inc., a Missouri corporation, Defendants.

No. 11001.

United States District Court
W. D. Missouri, W. D.
Dec. 4, 1958.

Theodore C. De Feo, Kansas City, Mo., for plaintiff.

P. L. Edwards, Kansas City, Mo., for defendants.

R. JASPER SMITH, District Judge.

Plaintiff, a citizen of Missouri, originally brought this action in the Circuit Court of Jackson County, Missouri. The defendants are Wesley Ray Hedrick, whose citizenship is contested by the parties, Hudson Oil Company, Inc., a Missouri corporation, and Hudson Oil Company of Missouri, Inc., a Kansas corporation. Suit was instituted in state court on April 11, 1957. The petition alleges a joint cause of action against defendants for unlawful arrest and prosecution.

On May 3, 1957, defendant corporations jointly removed the litigation to this Court. The petition for removal alleges that the individual defendant Hedrick was a citizen of California at the time this action was commenced. It also states that Hedrick, who the corporate defendants maintain caused the warrant of arrest to be issued, had never been associated with Hudson Oil Company, the domestic corporation. With these allegations as a basis, it is then maintained that the joinder of the Missouri corporation was fraudulent. In essence the corporate defendants maintain that Hedrick was at the time this suit commenced a citizen of California; that Hedrick had no relationship with the Missouri corporation; and that the joinder of this entity was for the fraudulent purpose of defeating removal. This would leave a controversy between plaintiff, a citizen of Missouri, and the Hudson Oil Company of Missouri, a Kansas corporation, and Hedrick, a citizen of California.

The status of the individual defendant is interesting and novel for three

reasons: (1) He has never been served with process; (2) his citizenship is contested; and (3) he died in California after the removal here. At the time the complained of acts occurred, February 7, 1957, Hedrick managed a gasoline service station which served as an outlet for Hudson Oil products at 4815 Independence Avenue, Kansas City, Missouri. The record does not disclose with certainty his prior affiliations with either the states of Missouri or California. He resided from December 19, 1956, to April, 1957, at 3311 East 12th Street in Kansas City, Missouri. The rental on his apartment was paid up to April 10, 1957. As indicated above, this action was commenced on April 11, 1957. A deputy sheriff of Jackson County attempted several times to serve the process issued out of state court on or after April 12, 1957. Service was never obtained. The next chronological step was removal to this Court. Hedrick died thereafter on August 31, 1958, in San Mateo County, California.

■ Plaintiff now moves to remand. The motion is predicated upon the theory that the case was improperly removed from the state court, and that this Court is therefore without jurisdiction. This is to be determined from the record as it stood at the time the petition for removal was filed. Pullman Co. v. Jenkins, 1939, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334; Saint Paul Mercury Indemnity Co. v. Red Cab Co., 1938, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845; Salem Trust Co. v. Manufacturers' Finance Co., 1924, 264 U.S. 182, 44 S.Ct. 266, 68 L.Ed. 628.

In order for an action to be removed from a state to a federal court on diversity grounds the diversity must have existed at the time of the commencement of the suit. Stamm v. American Telephone & Telegraph Company, D.C.W.D. Mo.1955, 129 F.Supp. 719. It is maintained on behalf of defendants that at the time this action was commenced Hedrick was a citizen of California. Plaintiff in the material submitted in support of the motion to remand denies this. A defendant who has removed a case from a state court has the burden of proving that a federal court has jurisdiction if the allegations of the petition for removal are contested. Wells v. Missouri Pac. R. Co., 8 Cir., 1937, 87 F.2d 579; Boyle v. Chicago, R. I. & P. Ry. Co., 8 Cir., 1930, 42 F.2d 633; Marion v. Akron Truss Appliances, D.C.E.D.Mo.1948, 74 F.Supp. 945; Young v. Arbyrd Compress Co., D.C.E.D.Mo.1946, 66 F.Supp. 241. In the bare, contested assertion that Hedrick was a citizen of California when this action was instituted, defendants have not met this burden. I might parenthetically add that the record, if anything, indicates that Hedrick was a resident of Missouri. Citizenship is not of such a character that it can undergo a chameleon-like transformation in a few days preceding commencement of litigation.

■ The fact that the individual, resident defendant has not been served with process does not operate to withdraw his presence as a party so that the corporate defendants can remove. Pullman Co. v. Jenkins, supra; Stamm v. American Telephone & Telegraph Co., supra. The significance of Hedrick's death subsequent to the time of removal is a matter to which the same principle is applied, i.e., it has not changed the status of the case as it stood at removal There has been no claim of fraudulent joinder as to Hedrick. In Halsey v. Minnesota-South Carolina Land & Timber Co., D.C.E.D.S.C.1932, 54 F.2d 933, which involved almost identical facts to those now under consideration, the applicable principles of law are discussed at length. It was there held that the subsequent death of a resident defendant does not convert a case which was nonremovable at the time it was begun in state court into one which can be removed on diversity grounds. The later case of Bradley v. Halliburton Oil Well Cementing Co., D.C.E.D.Okl.1951, 100 F.Supp. 913, involves the same problem. It distinguishes and to some degree is contrary to the Halsey case, supra. I choose to follow the Halsey case. Re-

moval was not based upon the fact that the resident defendant had died. His demise was a circumstance occurring after the petition for removal was filed. If the underlying theory is that the right to remove is to be determined from the record as it stood at the time of removal, Hedrick's death is immaterial.

Since the individual defendant was still a party to this litigation at removal, and his presence destroyed diversity of citizenship, it is not necessary to pass upon the issue of fraudulent joinder of the Missouri corporation. The remand to the state court at this time will not result in a futile gesture as a matter of course. Whether the case has changed so that it has become a removable controversy will depend to some degree on matters which will evolve subsequent to the time of this memorandum. The case is remanded to the Circuit Court of Jackson County, Missouri, from whence it was removed. It is so ordered.